## Hixson v. Slocum.

(Decided December 16, 1913).

### Appeal from Owen Circuit Court.

1. Assault and Battery—Action for Damages for—Instructions.—In an action for damages for assault and battery, evidence examined and held that the jury were warranted in finding under the instructions that the defendant only used such force at his command as was necessary to resist the assault of plaintiff, and he was excusable on the ground of self defense.
2. Assault and Battery—Words Do Not Constitute Assault.—Words do not constitute an assault, and therefore they cannot be the beginning of one.

J. H. SETTLE for appellant.

JOHN W. DOUGLAS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Hixson sued to recover of Slocum damages for assault and battery, and upon the trial in the lower court the jury returned a verdict in favor of Slocum, the defendant.

The parties are elderly men living in the town of Owenton, but on the day of the difficulty Slocum had returned to town in a new automobile after a visit to the country. The machine attracted quite a crowd, and Slocum insists that the presence of the machine and the crowd immediately in front of Hixson's hotel was a mere co-incidence. Hixson maintains that it was premeditated on the part of Slocum so that Slocum might come upon Hixson and provoke him to a difficulty. Slocum admits that he had had two drinks. The other evidence in the

case shows that he was either drunk or considerably under the influence of whisky. At all events, these enemies of long standing were thus brought together, and Hixson says that Slocum broke the years of silence in these words addressed to Hixson: "We are always fighting each other." Hixson replied: "You are fighting whisky," and turned back into his hotel. In a few minutes he came out, and Slocum was still on the sidewalk in front of the hotel, and seeing Hixson on his hotel porch, Slocum spoke to him with vile and vulgar epithets. Hixson came down the steps from the hotel, and, according to his evidence, when he came to the last step, he reached for Slocum with his left hand and held his right arm extended down by his side. Slocum then struck Hixon three times with what Socum terms a "little rattan cane." Another witness testifies that at the time Slocum used the cane Hixson was either on the last step of his hotel, or the sidewalk, he could not say which. All of the other witnesses say that he was off the step, and went to Slocum out on the sidewalk.

Hixson explains that he carried his right arm to his side because his right hand was crippled. It is not shown that Slocum knew this fact, and therefore Slocum's statement is not without plausibility that he feared Hixson was trying to grab and hold him with his left hand and with his right use a knife on him, and which he believed Hixson was carrying. Slocum admits that when Hixson returned from the hotel he addressed Hixson without Hixson having said anything to him, and called him the vile names as testified to by Hixon, but he takes issue with Hixson as to the words spoken before Hixson went into the hotel. He claims while in the crowd, and finding himself standing in Hixon's presence, he said to him, "Why can't we be friends?" Hixson replied, "You are fighting booze; you are drunk now." Slocum replied, "Every time I speak to you, Mr. Hixson, you insult me." Then Hixson went into the hotel, and returning Slocum began the conversation by saying, "Mr. Hixson, you always go out of your way to insult people." Both agree that then Hixson ordered him away, and that Slocum called him the vile names which soon led to the encounter.

It is not shown that Hixson suffered any physical injury, and his whole complaint is that Slocum brought on the difficulty by the provoking language used, and his chief effort is to magnify the effect of Slocum's words,

while Slocum is mainly concerned in minimizing the size of his "little rattan cane" and the amount of whisky he had imbibed that day. Ordinarily one in an intoxicated condition is not a safe bearer of the olive branch, and if he goes to his enemy to bury the hatchet, he should be careful not to carry the hatchet with him. Reasoning from these propositions, Slocum was not at all discreet, if in fact he was sincere, in his efforts to make peace with Hixson, but the action here is not to recover damages for language used, or words spoken of, or concerning, Hixson, but for the assault and battery committed upon him. An actionable assault "is any attempt or offer' with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it, coupled with the present ability to carry such intention into effect." 3 Cyc, 1020. And the same book, pages 1021 and 1022, further correctly defines an assault and battery "as an unlawful touching of the person of another by the aggressor himself," and again, "the force or violence attempted or offered must be physical *and no words of themselves can constitute an assault.* In the case of White v. South Covington Ry. Co., 150 Ky., 864, this court held: "An assault is not excused by the fact that the party assaulted had used grossly profane and abusive language without provocation." Applying these fundamental principles to the facts, it would seem that the lower court was very liberal with Hixson in suffering his case to go to the jury at all.

The first encounter was a mere war of words, and upon which no action can or is attempted to be based. Slocum remained upon the sidewalk, where he had a right to be. Although on the second encounter Slocum began it by the use of abusive language, still that did not justify Hixson leaving his premises to come upon the sidewalk and grab, or attempt to grab, Slocum.

Under such circumstances the jury were warranted in finding, under the court's instructions, that "the defendant (Slocum) then and there believed, or had reasonable grounds to believe, that the plaintiff was about to inflict upon him great bodily harm," and that in striking Hixson with the cane he used only such means or force at his command as was necessary to resist the assault of plaintiff, and he was thereby excusable on the grounds of self-defense."

Appellant concedes that the instructions given by the court correctly apply the law to the general run of assault and battery cases, but insists that the court erred in refusing to instruct the jury so that they might believe the assault was begun with the first passage of words, and that the defendant was therefore the aggressor, and for that reason he cannot justify assaulting Hixson with the cane upon the grounds of self-defense. But, as we have seen, words do not constitute an assault, and therefore they cannot be the beginning of one. Neither is appellant's contention sound that he had a right to go upon the sidewalk and make or force Slocum to leave it. The sidewalk belongs to the public. If Slocum's conduct was equivalent to a breach of the peace, he should have been prosecuted for it, and the record discloses the fact that he was. Appellant was not justified in attempting to take the law into his own hands.

While there is very little conflict of a material kind in the testimony, such as there was, under proper instructions of the court, the jury considered, and in rendering a verdict for Slocum, the appellee, we are unable to discover that they erred.

We therefore affirm the judgment of the lower court.