## Commonwealth v. Remley.

(Decided Dec. 18, 1934.)

BAILEY P. WOOTTON, Attorney General, DAVID C. WALLS, Assistant Attorney General, and ULIE J. HOWARD, Commonwealth Attorney, for the Commonwealth.

JNO. A. KIELY and WM. E. WEHRMAN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Certifying the law.

Clifford Remley, by an indictment returned by the grand jury of the Kenton circuit court, was charged with the common-law offense of assault and battery alleged to have been committed by striking with his hands and fists Hugh Semones, inflicting divers bruises, hurts, and wounds upon his face and body. At the conclusion of the evidence of the commonwealth, the court peremptorily directed a verdict of acquittal.

The commonwealth appeals, conceding that under section 339 of the Criminal Code of Practice the judgment on the directed verdict is a bar to this and a future prosecution, and requests a certification of the law. Section 337, Criminal Code of Practice.

> "An assault is an attempt, or effort with force and violence to do a corporal hurt to another, by striking at him in striking distance, with or without a weapon, though the party striking misses his aim. A battery is the unlawful touching of the body of another either by the aggressor, himself, or by any substance set in motion by him."

Robertson's Criminal Law and Procedure (2d Ed.) sec. 11, p. 1320; Hixon v. Slocum, 156 Ky. 487, 161 S. W. 522, 51 L. R. A. (N. S.) 838.

The testimony of the commonwealth, without contradiction, shows that the accused with his hand or fist hit Hugh Semones on the eye, breaking his glasses, injuring the corner and ball of the eye, and requiring five stitches to be taken in the treatment of the cut on his face.

It is argued, in support of the court's action, that the accused had been unlawfully arrested and that he had a legal right to resist the unlawful arrest and therefore the peremptory instruction was proper. Evidence supporting the contention that he was under unlawful arrest at the time he is charged with having committed the offense of assault and battery may be considered, without deciding, as competent in mitigation or establish a defense, but it did not authorize the giving of the peremptory instruction.

The accepted rule is, where there is any evidence, however slight, to show the guilt of the accused, the

case should be submitted to the jury. Simmons v. Commonwealth, 207 Ky. 570, 269, S. W. 732; Blanton v. Commonwealth, 245 Ky. 546, 53 S. W. (2d) 952.

Wherefore, the law is accordingly certified.