**Eva GRAVES, Administratrix of the Estate of Doctor Elijah Graves, Appellant,**

v.

**DAIRYLAND INSURANCE GROUP, Appellee.**

Supreme Court of Kentucky.

May 28, 1976.

Carl R. Clontz, Allen, Clontz & Cox, Mount Vernon, for appellant.

Joe L. Travis, Smith & Blackburn, Somerset, for appellee.

PALMORE, Justice.

Dr. Elijah Graves, a pedestrian, was struck and killed by a truck driven by Tommy Graves. Tommy Graves was the insured under an automobile liability insurance policy issued by Dairyland Insurance Group. The policy protected him against liability for injuries or death caused by accident arising out of the use of the truck. In a wrongful death action against Tommy Graves the estate of Dr. Graves recovered a judgment for $9999.99. Dairyland denied coverage by reason of the following condition of its policy:

"Assault and battery shall be deemed an accident unless committed by or at the direction of the insured."

In other words, Dairyland took the position that the fatal event was an assault and battery committed by Tommy Graves against Dr. Graves and therefore was not an accident within the terms of its policy. A suit brought by the estate of Dr. Graves against Dairyland to collect the amount of its judgment against Tommy Graves culminated in a jury verdict and judgment in favor of Dairyland. The estate of Dr. Graves appeals. The only question relates to the propriety of the instructions given to the jury.

The following instruction offered by the appellant was rejected:

"You will find for the plaintiff, Eva Graves, unless you believe from the evidence that upon the occasion in question, Tommy E. Graves committed an assault and battery upon the person of Doctor Elijah Graves by intentionally causing his truck to strike Doctor Elijah Graves, in which event you will find for the defendant, Dairyland Insurance Group."

Instead, the trial court instructed the jury in this respect as follows:

"If you believe from the evidence that Tommie E. Graves did, while driving a pickup truck insured by the defendant, Dairyland Insurance Group, commit assault and battery against the person of the deceased, Doctor Elijah Graves, then you will find for the defendant, Dairyland Insurance Group.

"But unless you believe that Tommie E. Graves committed assault and battery against the person of the deceased, Doctor

Elijah Graves, you will find for the plaintiff, Eva Graves, Administratrix of the Estate of Doctor Elijah Graves.

\* \* \* \* \* \*

"Assault and battery as used in these instructions is an unlawful touching of the person of another by the agressor himself, and the force or violence attempted or offered must be physical and no words of themselves can constitute an assault."

■ It will be noted that nowhere did the instructions given by the trial court indicate that intent is an essential element of assault and battery. For that reason they were erroneous.

The last sentence of the instructions, defining assault and battery, is the second sentence of a two-sentence definition appearing in Sec. 84 of Stanley's Instructions to Juries, taken from *Hixson v. Slocum,* 156 Ky. 487, 161 S.W. 522, 523, 51 L.R.A. (N.S.) 838 (1913). The first portion of this two-sentence definition is as follows (emphasis added):

"An assault is any attempt or offer with force or violence to do a corporeal hurt to another, whether from malice or wantonness, under such circumstance as *shows* [sic] *an intention to do it,* coupled with the present ability to carry such intent into effect."

In the *Hixson* opinion the two sentences were quoted from text material in 3 Cyc. 1020–1022. They were not prescribed for use as instructions and are not appropriate for that purpose. But even if they were, the second could not be used without the first, because it is only in the first that the reader is told that the circumstances must be such as to justify an inference of intent.

According to Prosser, there has been "some occasional confusion, and some talk of a negligent 'assault and battery,' but in general these terms are restricted to cases of intent." Prosser on Torts (4th ed., 1971), § 7, p. 30, citing as an example the early Kentucky case of *Anderson v. Arnold's Ex'r,* 79 Ky. 370 (1881). And as explained

in *Bentley v. Commonwealth,* Ky., 354 S.W.2d 495, 496 (1962), a line of cases holding that the criminal offense of assault and battery can be committed by gross negligence grew out of an erroneous application of homicide precedents in *Balee v. Commonwealth,* 153 Ky. 558, 156 S.W. 147 (1913).[1]

Probably the confusion mentioned by Prosser originates in the nature of the "intent" that is required for an assault or a battery, or both.

"The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it. The driver who whips up his horses with a loud yell while passing a neighbor's team will not be credited when he denies that he intended to cause a runaway; and the defendant on a bicycle who rides down a man in full view on a sidewalk where there is ample room to pass may find the court unwilling to accept his statement that he did not mean to do it."

"On the other hand, the mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts on the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty." Prosser, *supra,* § 8, p. 32.

The point is illustrated by *Sigler v. Ralph,* Ky., 417 S.W.2d 239 (1967), in which the

---

1. The common-law crime has been superseded by the Kentucky Penal Code, cf. KRS Chapter 508, thus obviating further consideration of this line of decisions.

trial court directed a verdict for the defendant on the ground that the plaintiff had failed to prove a hostile intent but this court reversed because the factual circumstances were such that the jury could reasonably have inferred intent. Contrary, however, to any suggestion that intent might not be a necessary constituent of assault and battery, our opinion in that case specifically says this: "So far as the proof is concerned, the cause of action depends upon an intentional laying on of hands and could not succeed on negligence; nevertheless, the use of a firearm under these circumstances was enough to justify a jury in inferring intent."

Again, as in *Hixson v. Slocum,* 156 Ky. 487, 161 S.W. 522, 523, 51 L.R.A. (N.S.) 838 (1913), the definition of assault and battery quoted in *Sigler* was not intended and would not be appropriate for use in an instruction to the jury. For example, how is a jury to know what is meant by "unlawful"? The word "unlawful" or "unlawfully" should never be used in an instruction if there is any way to avoid it, and most assuredly it must never be used without a careful definition relating it to the factual situation presented by the evidence. It is difficult enough for courts and lawyers to understand fully what is "lawful" vis-a-vis "unlawful," much less to entrust a definition to the individual notions of untrained laymen.

Since intent is an essential element of assault and battery, the degree of recklessness from which it may reasonably be inferred is an evidentiary question, and could not be incorporated in the instructions without violating the fundamental principle that the jury should not be instructed on the weight of the evidence. In this respect, therefore, it is not proper to lift the definition of assault and battery verbatim from a textbook and put it in an instruction. Whether the conduct of the defendant was such that he must have intended the consequences is, however, an appropriate subject of argument to the jury unless the answer is so clear that it may be decided by the trial court as a matter of law.

In the event of another trial the jury should be instructed substantially in accordance with the instruction offered by the appellant.

The judgment is reversed with directions for a new trial.

All concur.