**In re James Carlos DAVIS.**

**Robert ELMORE, as Administrator of the Estate of Kevin Elmore and James Franklin Elmore, Plaintiffs,**

**v.**

**James Carlos DAVIS, Defendant.**

**Bankruptcy No. 1–81–00375.
Adv. No. 1–82–0002.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 1, 1982.

C. Randall Michel, Bowling Green, Ky., for plaintiffs.

G. D. Milliken, Jr., Bowling Green, Ky., for defendant.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

A federal district court jury in 1980 assessed damages of $112,696.33 against Sheriff Carlos Davis of Edmonson County, Kentucky, in favor of the predecessor in interest of the plaintiff in this bankruptcy action, Robert Elmore. The district court civil trial involved violations of federally protected civil rights, the facts of which, while interesting and loaded with emotional content, play no operative part in this opinion.

Judgment in the above amount was entered against Davis and no appeal was taken. Some months thereafter Davis filed a bankruptcy petition in this court. Elmore then filed a complaint against Davis seeking to have the judgment debt declared nondischargeable under Section 523(a)(6) of the Bankruptcy Code.

The sole question before us is whether the issue of nondischargeability can be decided on the basis of the record before us, or whether a new trial will be necessary.

We hold that another trial, on facts already judicially determined, is not necessary, and that the judgment debt of $112,-696.33 is dischargeable in bankruptcy by Davis.

The doctrine of collateral estoppel, which not only permits but commands that conclusion, is the basis of our holding. We incorporate in this Order the discussion of that doctrine contained in our supplementary memorandum of even date herewith.

At the close of the district court trial the jurors were instructed regarding the elements of the cause of action and the formula they were to use in determining any damage award. Additionally, the jurors were told:

If the jury should find from a preponderance of the evidence in this case that the Plaintiffs are entitled to a verdict for actual or compensatory damages and should further find that the act or omission of the Defendants which proximately caused actual injury or damage to the Plaintiffs was malicious, wanton or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, add to the award the actual damages such amount as the jury shall unanimously agree to be proper, as punitive and exemplary damages.[1]

"Malicious, wanton, and oppressively" were then legally defined for the jurors in terminology that comports with the meaning of malicious under § 523(a)(6)[2] of the Bankruptcy Code. The jury decided in favor of the plaintiffs and awarded compensatory damages only. No punitive damages were awarded.

The issue presented in this case is whether a prior district court decision should be given collateral estoppel effect in this bankruptcy proceeding regarding the dischargeability of a debt under § 523(a)(6) of the Code.

That section of the Code provides that any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge. The terms willful and malicious are not defined in the Code. However, *Collier on Bankruptcy* offers the following guidelines:

An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional, a deliberate and intentional act which necessarily leads to injury." Therefore, a wrongful act done intentionally, which necessarily produces harm and is without

---

1. Trial Transcript pp. 773–774.

2. Trial Transcript p. 774; *In re Schuck*, 3 C.B.C. 128 (M.D.Pa.1980); *In re Hawkins*, 6 B.R. 97 (Bkrtcy.W.D.Ky.1980); *Matter of Smith*, 2 B.R. 30 (Bkrtcy.S.D.Fla.1979).

just cause or excuse, may constitute a willful and malicious injury.[3]

Relying on the doctrine of collateral estoppel, this court will not be required to retry the issue of the nature of the injuries if the district court has already adjudicated that issue. As this court has stated previously: "There may be cases where we can rely upon a prebankruptcy judgment when adjudicating a claim of nondischargeability. If the judgment substantially embodies those elements that enable us to form an opinion as to the dischargeability of the debt we would be disinclined to order the matter relitigated." [4]

We have reviewed the briefs of both parties and the entire transcript of the district court proceedings in order to determine if the judgment "substantially embodies" the requisite elements of the bankruptcy question. We are of the opinion that the elements essential to a finding of nondischargeability under § 523(a)(6) were presented to, and decided by, the district court.

The jury instructions reveal that the question of whether the defendant-debtor acted maliciously and willfully in injuring the plaintiffs was submitted to the jurors in the same manner that it would be considered by the trier of fact in a § 523(a)(6) hearing. The jury deliberated on this issue when they decided whether to award punitive damages. The jurors concluded that Sheriff Davis did not act maliciously, wantonly, or oppressively, and therefore did not award punitive damages.

 Because the district court relied on standards identical to those of § 523(a)(6) and the jury's findings establish, without ambiguity, all the elements necessary to a judgment of nondischargeability, collateral estoppel is a bar to further litigation of the malicious and willful injury issue.[5] We conclude that the issue of whether Sheriff Davis maliciously and willfully injured the plaintiffs was actually and conclusively litigated before Judge Johnstone in the district court.

Because that decision was not appealed we must treat as final "those questions actually and necessarily decided in the prior suit," [6] and hold that the judgment of the district court is determinative of the § 523(a)(6) question before this court.

An opposite ruling by this court would encourage wasteful circuity. If this court were to conduct a trial, our determinations would then be appealable to the same court which hosted the original action based on the same facts.

An appropriate order dismissing the complaint herein will be entered today.

---

**3.** 3 Collier on Bankruptcy, 15th Ed. Section 523.16(1) at p. 523–115.

**4.** *In re Cooney,* 8 B.R. 96, 100 (Bkrtcy.W.D.Ky. 1980). Accord, *Spilman v. Harvey,* 656 F.2d 224, 227 (6th Cir. 1981).

**5.** Plaintiff has also requested this court to find the judgment debt nondischargeable on a theory of "imputable" or vicarious liability. In a very emotive passage in his brief counsel for the plaintiff argues that "(s)urely the one who orders the trigger to be fired is as responsible as the one who actually pulls the trigger." The following line of reasoning is presented to this court: the responsibility for the events of June 23 are "imputable" to Sheriff Davis and a portion of the financial responsibility should also be "imputable."

This court remains unpersuaded by counsel's theatrics and rejects this argument for two reasons: (1) § 523(a)(6) of the Bankruptcy Code expressly requires a finding of malicious injury "*by the debtor*" before a debt can be held nondischargeable. In this case the jury does not permit liability under plaintiff's "imputable" or vicarious thoery. This theory has been previously rejected by the Supreme Court in *Monell v. Dept. of Social Services,* ". . . the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support 1983 liability." *Monell v. Department of Social Services of New York,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 2037 n. 58, 56 L.Ed.2d 611 (1978).

**6.** *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979).