In re Darrell Lee LEACH, Debtor.

CITIZENS BANK, Plaintiff,

v.

Darrell Lee LEACH, Defendant.

Bankruptcy No. 48200297.
Adv. No. 4820065.

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 9, 1983.

Hugh D. Moore, Owensboro, Ky., for plaintiff.

Russell Wilkey, Owensboro, Ky., for debtor.

MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The outcome of this nondischargeability action hinges on the question of whether the Court is strictly bound by evidence produced in the course of an adversary proceeding, or whether we may take

judicial notice of the entire bankruptcy file, including the petition itself. We adopt the latter view.

The complaint of Citizens Bank of Owensboro against Darrel Leach alleges that the debtor obtained credit nine months prior to taking bankruptcy through the use of a false financial statement. Section 523(a)(2) of the Bankruptcy Code places debts so obtained beyond the protection of a bankruptcy discharge.

Leach executed a $20,000 note in favor of Citizens Bank on October 14, 1981, and in connection therewith submitted a financial statement showing, in its material particulars, (a) a single mortgage in the amount of $3,500 on a home valued at $135,000; (b) a debt of $3,500 on farm equipment, and (c) a net worth of $267,000.

Leach's bankruptcy petition filed on July 23, 1982, listed (a) two mortgages against the home, (b) secured debts of $43,000 on farm equipment and crops, and a net worth of $59,000. All of the debts were described in the petition as having antedated the extension of credit by the bank. The inconsistencies between the credit application and the bankruptcy petition are so glaring as to need no further illumination.

■ At trial, the evidence was inconclusive as to whether Leach knew in October, 1981, that he had debts which were not listed in his credit application. Because of a latent ambiguity in the proof,[1] Leach maintains that the bank has not carried its burden of proving the facts, let alone Leach's state of mind, in connection with the bank loan. The bank argues that the

record taken as a whole supports a finding of fact by the court that there had occurred a material misrepresentation of the debtor's financial position in obtaining the loan. We agree with the bank.

For a court to take judicial notice of facts which might have a substantive bearing on the outcome of proceedings before it is a delicate exercise. The doctrine of judicial notice, because of its potential for fishing expeditions from the bench, is curtailed by the Federal Rules of Evidence.[2] Notice must be given by a party invoking the doctrine and an opportunity to be heard must be granted on the propriety, scope and tenor of facts sought to be judicially noticed.[3] We accept at face value those authorities cited by the defendant dealing with nonbankruptcy questions in other jurisdictions.[4]

■ There is a vast difference, however, between a court being asked to take notice of facts extraneous to the record before it and facts which form an integral part of that record. A reading of applicable statutes and their legislative history leads to the obvious conclusion that the limited fact question we consider here in one creditor's *proceeding* is but a part of a much larger whole, which is the entire Darrell Leach bankruptcy *case*.[5]

The bankruptcy petition to which we are referred is our Book of Genesis, the basis of the debtor's relief and the court's jurisdiction. Denying its content at this stage would be as persuasive as the debtor standing personally before the court and arguing that he was not alive because the fact of his birth had not been proven.

1. Leach's statement of his knowledge at the time may be interpreted in at least two ways, and we cannot choose. Transcript of Leach testimony, February 17, 1983, at p. 23.

2. Federal Rule of Evidence 201, incorporated by reference in R.B.P. 9017.

3. See cases cited in *Fed.Rules of Evidence Dig.* § 201 et seq., (Callaghan & Co. 1982).

4. *U.S. v. Garcia,* 672 F.2d 1349 (11th Cir.1982), involved a criminal proceeding; *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114 (2d Cir.1970) was a criminal case.

5. Our jurisdiction of all *cases* derives from 28 U.S.C. § 1471. Everything that occurs in a bankruptcy *case* is a *proceeding,* H.R.Rep. 95–595, S.Rep. 95–989, at pp. 153–54 (95th Cong.2d Sess. 1978), U.S.Code Cong. & Admin. News 1978, p. 5787. Bankruptcy Rule 7001 clearly identifies an adversary *proceeding* as a litigated matter "in a bankruptcy court ... to determine the dischargeability of a debt." The "case" referred to in 28 U.S.C. § 1471 is the one upon which all of the proceedings which follow the filing of the petition are predicated. 1 Collier on Bankruptcy ¶ 3.01 (15th Ed.1982).

The question of judicial notice is not a new one to bankruptcy courts. *In re Saco,* 30 B.R. 862 (Bkrtcy.D.Maine 1983), involved the exercise of judicial notice of numerous parts of a bankruptcy file upon the trustee's verbal motion, over the objection of a creditor against whom a preference action was being asserted. Judge Johnson explained his cognizance of the entire file in a scholarly reconciliation of bankruptcy law with the Federal Rules of Evidence, drawing the same connection that we have between a "case" and a "proceeding." We endorse the reasoning of *In re Saco* and draw further comfort from the many cases therein cited.[6]

■ In accordance with the above reasoning and authorities, we find as a fact *proven by the record* that the debtor had substantial liabilities unreported in his credit application to Citizens Bank. The materiality of the omission and Leach's lack of a satisfactory explanation of his failure to report them, along with the bank's reliance on the statement to its detriment, renders the resulting debt nondischargeable in bankruptcy.

■ An ancillary allegation by the debtor is that the creditor should be collaterally estopped from asserting fraud in obtaining the loan because that allegation was not made in an earlier state court proceeding between these parties involving the same debt. The argument of collateral estoppel must be rejected. The doctrine applies, as we have recognized in numerous earlier cases,[7] only where the same issue had been previously adjudicated between the parties. The element of identity is lacking here because the issue—nondischargeability—is a new one, capable of being asserted only after the filing of a bankruptcy petition and only before this court.

---

**6.** *In re Saco,* 30 B.R. at 865. *See also Matter of Colorado Corp.,* 531 F.2d 463 (10th Cir.1978); *Matter of Gervich,* 570 F.2d 247 (8th Cir.1978) (bankruptcy court properly took notice of schedule of creditors in deciding whether a transfer was fraudulent); *In re Hollander,* 25 B.R. 905 (Bkrtcy.W.D.Mo.1980); *In re D.H. Overmyer Telecasting Co.,* 23 B.R. 823 (Bkrtcy. N.D. Ohio 1982); *In re Underground Utilities Constr. Co.,* 13 B.R. 735 (Bkrtcy.S.D.Fla.1981); *Matter of Maplewood Poultry Co.,* 2 B.R. 545 (Bkrtcy.D.Maine 1980); *In re Ingram,* 5 B.R. 232 (Bkrtcy.N.D.Ga.1980); *In re Ponn Realty Trust,* 4 B.R. 226 (D.Bkrtcy.Mass.1980) (§ 1112 "cause" determination—judicial notice of petition, schedules, and statement of affairs); *Matter of Harland,* 3 B.R. 597 (Bkrtcy.D.Neb.1980). ("good faith" of ch. 13 plan—judicial notice of schedules).

**7.** *In re Cooney,* 8 B.R. 96 (Bkrtcy.W.D.Ky. 1980); *In re Davis, In re Miller* and *In re Channel,* reported individually and in a consolidated memorandum at 23 B.R. 633–641 (Bkrtcy.W.D. Ky.1982).