In re Troy Eugene THOMPSON, Debtor.

**Steven B. THOMPSON, Plaintiff,**

v.

**Troy Eugene THOMPSON, Defendant.**

Bankruptcy No. 5-82-00339.

Adv. No. 5-83-0011.

United States Bankruptcy Court,
W.D. Kentucky.

Feb. 22, 1984.

Stephen R. Bodell, Paducah, Ky., for debtor.

Rodger W. Lofton, Williams, Housman & Sparks, Paducah, Ky., for plaintiff.

MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

The applicability of the Doctrines of Collateral Estoppel and Res Judicata is once again tested in this complaint seeking a determination that the debtor's liability to plaintiff is not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6). The fac-

tual background of the underlying debt in question is summarized as follows:

A prepetition civil action was instituted in McCracken Circuit Court seeking a jury determination of the debtor's liability, if any, to the plaintiff resulting from an assault against the plaintiff's person. At a trial on the merits the matter was submitted for a jury determination, under appropriate instructions, as to whether the debtor was liable to plaintiff for reasonable expenses covering medical services, lost wages, permanent impairment, and pain and suffering. An additional instruction permitted the jury in its discretion to award punitive damages against the defendant if it found the assault was willful, malicious and without justification. A further instruction to the jury permitted said body to return a verdict against a third party not here involved.

The instruction relative to punitive damages defined for the jurors "willful and malicious" in terminology that comports with the meaning of said determination under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code. The jury in this circuit court action returned a verdict against the debtor in the sum of $577.95 representing medical services, and specifically made no award for lost wages, permanent impairment, or pain and suffering. On the separate instruction as to punitive damages, the amount to be awarded, if any, was left blank as was the amount to be awarded, if any, against the third person not a party to this action.

On the verdict form returned by the jury, in addition to the specific monetary award for medical services, the foreman of the jury noted, "This verdict is for Par. No. 2 only. No verdict could be reached on Par. No. 1." By way of interpretation, Par. No. (1) relates to the award, if any, against the third party not here involved. Par. No. (2) relates to the special damages specifically awarded for medical expenses, and Par. No. (3), related to punitive damages, if any, to be awarded.

Plaintiff, in instituting this action, alleges that the circuit court action based on the jury verdict is not determinative of the dischargeability of plaintiff's claim against the defendant for the willful and malicious assault against the plaintiff since the jury, by failing to return an award or indicate "zero" in the space provided on the verdict form, failed to exercise its discretion to make an award on this issue and, therefore, this circuit court judgment is not determinative on the issue of the willful and malicious conduct by the debtor against the plaintiff nor to its dischargeability under the debtor's petition for Chapter 7 relief filed October 18, 1982.

The issue is whether the jury's action in failing to denote any award under the punitive damage instruction constitutes a factual determination that plaintiff was entitled to no award under this instruction, or whether its failure to insert any figure into its verdict form was a failure to make a factual determination in its discretion, thereby preserving the issue of debtor's alleged willful and malicious conduct for adjudication under 11 U.S.C. § 523(a)(6).

An additional issue is whether the Doctrine of Collateral Estoppel will apply in the event the jury's action under the punitive instruction is deemed a factual determination on the debtor's alleged willful and malicious conduct.

Plaintiff alleges that the silence of the jury of necessity must be considered as a failure on the part of that deliberative body to make a factual determination on the issue presented. Accordingly, plaintiff would be entitled to a determination of whether debtor's conduct was willful and malicious such as to constitute a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6). In support of this position, plaintiff relies on a remarkably similar case emanating from this District in which a jury verdict was likewise silent on a punitive damage instruction although awarding specific compensatory damages. *In re Cooney*, 8 B.R. 96 (Bkrtcy.W.D.Ky.1980).

That Court, in considering the jury's action, rejected the contention that the failure to award punitive damages under an instruction similar to that here involved con-

stituted a jury finding that the assault was not willful and malicious, noting:

"... We can likewise not honor the debtor's contention that the debt is dischargeable because of the jury's refusal to award punitive damages. Exemplary damages are extraneous, and their award or denial has no effect on a verdict for compensatory damages." *Id.*, at page 100.

The debtor, through counsel, argues that since the question of the willful and malicious conduct by the debtor was presented to the jury and such body had the opportunity to make an award thereon, its failure to so return any award constitutes a factual determination on the issue, and as such under the Doctrine of Collateral Estoppel precludes plaintiff from relitigating before this Court the precise issue previously presented in the state circuit court action.

Thus, this Court must determine at the first instance the substance and effect of the state court verdict, i.e., whether the jury's action constituted a finding per se, or was its silence indicative of a failure to exercise its discretion to determine whether debtor's conduct was willful and malicious, thus preserving the issue for another day.

Our belated interpretation of the jury's action leaves no alternative but to conclude that this jury specifically considered whether debtor's conduct did constitute willful and malicious conduct sufficient for an award of punitive damages and affirmatively found in the negative. The verdict form clearly shows a compensatory award against the debtor and in favor of the plaintiff which award is unquestionably dischargeable. It further states that the sole issue upon which this jury could not return a verdict was on the instruction relating to the third party not here involved. By necessary inference, this express statement of the jury clearly indicates a factual determination on the punitive damage question. Accordingly, it must be concluded that the jury did reach a verdict on that issue and failed to make an award to plaintiff. The jury's statement that "no verdict could be reached" on the third party issue of neces-

sity denotes that a verdict was in fact reached negatively on the punitive damage question and was dispositive of that issue at the circuit court level. Thus, the case here presented is clearly distinguishable from *In re Cooney, supra,* upon which plaintiff relies.

Having determined that the issue of defendant's alleged willful and malicious conduct was previously determined by the circuit court action, we now address whether such judgment collaterally estops the plaintiff from a relitigation of its dischargeability under 11 U.S.C. § 523. In a comprehensive and analytical review of the applicability of the Doctrines of Res Judicata and Collateral Estoppel, a Troika of cases has exhaustively considered their applicability in challenges to discharge under 11 U.S.C. § 523. See *In re Davis,* 23 B.R. 633 (Bkrtcy.W.D.Ky.1982); *In re Miller,* 23 B.R. 636 (Bkrtcy.W.D.Ky.1982); and *In re Channel,* 23 B.R. 638 (Bkrtcy.W.D.Ky. 1982).

■ The Doctrine of Collateral Estoppel, an invention of the common law, seeks to avoid duplicative litigation and encourage the finality of justice. Thus, where issues which must be determined under 11 U.S.C. § 523 have previously been fully presented in another forum and have been factually determined by a jury under instructions which substantially embody those elements upon which this Court would rely, the failure to apply the Doctrine would permit unsuccessful litigants to use this Court as the functional equivalent of state appellate courts or subject the parties to *de novo* proceedings on issues previously determined with finality.

The criteria to be followed is succinctly set forth in *In re Davis, et al.,* 23 B.R. 639 (Bkrtcy.W.D.Ky.1982), which states:

"... And in reviewing a prior adjudication on fact questions resurrected in this court, we take it as a first principle that: 'If the judgment substantially embodies those elements that enable us to form an opinion as to the dischargeability of the debt we would be disinclined to order the matter relitigated.'" Citing further *In*

*re Cooney,* 8 B.R. 96, 100 (Bkrtcy.W.D. Ky.1980).

■ Having previously found that the jury in the state court action was not silent on the issue of debtor's willful or malicious conduct but expressly and consciously made no award, such determination meets those tests for application of the Doctrine of Collateral Estoppel to effectively preclude a redetermination by this Court of those issues previously resolved.

Accordingly, for the reasons above set forth, plaintiff's complaint is dismissed and the debt allegedly due from debtor to plaintiff is declared to be dischargeable in bankruptcy.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 22nd day of February, 1984.