**In re Charles Howard WATERS, Debtor.**

**Kenneth KASEY, Joseph E. Rose, Trustee, Plaintiffs,**

**v.**

**Charles Howard WATERS, Defendant.**

**Bankruptcy No. 38202787.**
**Adv. No. 3830103.**

United States Bankruptcy Court,
W.D. Kentucky.

April 3, 1984.

John E. Spainhour, Shepherdsville, Ky., for plaintiff.

Wallace H. Spalding, III, Louisville, Ky., Charles C. Sanders, Shepherdsville, Ky., for debtor-defendant.

Joseph E. Rose, Louisville, Ky., Trustee.

MEMORANDUM OPINION

MERRITT S. DIETZ, Jr., Bankruptcy Judge.

Cross-motions for summary judgment have been filed by the parties to this non-

dischargeability proceeding. At issue is whether a new trial is necessary on the question of "willful and malicious injury" as it pertains to the defendant's attempted discharge in bankruptcy of a $15,000 judgment against him for malicious prosecution.

Bullitt Circuit Court entered judgment against the debtor-defendant Waters pursuant to a directed verdict which had earlier withstood review by the Kentucky Court of Appeals.

Section 523(a)(6) of the Bankruptcy Code renders enforceable, despite the fact of bankruptcy, those debts which result from "willful and malicious injury" to the person or property of another.

An issue which frequently arises in this court is whether we are required to conduct a trial *de novo* on fact issues which have already been adjudicated in other courts. In an unbroken line of cases we have held that where the same issues have been fully and fairly adjudicated between the same parties in another forum, the doctrine of collateral estoppel bars relitigation of those issues.[1] The "genius" of the collateral estoppel rule, this court wrote in disposing of three related cases, "is its doctrinal reach across jurisdictional boundaries in a federal system which by its nature, absent such a rule, could host virtually endless litigation over the same point in controversy."[2] The rule applies here.

■ A judgment of nondischargeability can be entered only if both the proscribed conduct and the forbidden intent are proven. A review of the record of the earlier proceeding is usually all that is needed to show the proof, or absence of it, of the conduct itself. It is the second element, that of the intent which motivated the conduct, which is most likely to force a new trial.

■ The standard we apply is whether the earlier judgment "substantially embodies those elements (of willful and malicious conduct) that enable us to form an opinion as to the dischargeability of the debt."[3] If so, we refuse to reopen the adjudicated question.

■ In the case before us, the issues of "willful and malicious" conduct have been fully, fairly and finally adjudicated. The jury instructions, pursuant to which the verdict was given and the judgment entered, used a definition of "malice" identical to that used in bankruptcy court in considering nondischargeability questions.

The element of "willful" conduct is perabundant in the record of the state court proceeding. The Kentucky Court of Appeals, in describing the conduct of this defendant which amounted to malicious prosecution, found "that this prosecution extended for two years' time and included an examining trial, two indictments, and a trial on the charge ..."[4] Such a course of conduct on the defendant's part could hardly be characterized as casual or incidental. Quite to the contrary, it gives credence to the charge by the plaintiff that the state court action by Waters against Kasey was a "stalking, relentless, political prosecution."[5]

Even disregarding the colorful adjectival excess with which the plaintiff's brief is garnished, we see in the record of the earlier proceeding proof beyond any doubt of willful and malicious conduct on the defendant's part. Malice is proven by definition in a successful malicious prosecution action. A new trial on the issue here is altogether unnecessary.

1. *In re Cooney,* 8 B.R. 96 (Bkrtcy.W.D.Ky.1980); *In re Davis, In re Miller, and In re Channel,* 23 B.R. 639 (Bkrtcy.W.D.Ky.1982); *In re Thompson,* A.P. No. 5830011 (W.D.Ky., Feb. 22, 1984) (unreported); *In re Clifford,* A.P. No. 3830089 (W.D.Ky., Feb. 27, 1984) (unreported); *In re Larry's Heating, Plumbing & Air Conditioning, Inc.,* A.P. No. 3830234 (W.D.Ky., Mar. 2, 1984) (unreported).

2. *In re Miller,* supra, 23 B.R. at 640.

3. *In re Cooney,* supra, 8 B.R. at 100.

4. *Kasey v. Waters,* Kentucky Court of Appeals, No. 82–CA–807–MR, May 5, 1983, at p. 6.

5. Plaintiff's brief, at p. 12.

Based upon the foregoing, an order will be entered today granting the plaintiff's motion for summary judgment and denying that of the defendant.