**In re Morris Davis BEACH, Debtor.**

**Tammy E. FREY, Plaintiff,**

**v.**

**Morris Davis BEACH, Defendant.**

**Bankruptcy No. 48300248.**

**Adv. No. 48300108.**

United States Bankruptcy Court,
W.D. Kentucky.

May 3, 1984.

William E. Mitchell, Dixon, Ky., defendant/bankrupt.

W. Mitchell Deep, Henderson, Ky., for plaintiff.

Russell Wilkey, Owensboro, Ky., Trustee in Bankruptcy.

ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter stands before the court on the plaintiff's motion for summary judgment in a nondischargeability action, on the ground that there is no genuine issue of material fact which would justify a full trial. There have been made part of this record the depositions of the parties to an earlier personal injury action in state court which resulted in a judgment of $58,476.04 for this plaintiff against this defendant.

If summary judgment may be entered, it is with the support of the doctrine of collateral estoppel, a legal theory upon which this court has written long and frequently.[1] We hold that there are no material fact

---

1. Collateral estoppel was most recently used by this Court to avoid a retrial of facts fully and fairly litigated by the parties in *Kasey v. Waters,* 38 B.R. 277 (Bkrtcy.W.D.Ky.1984). *See also In re Cooney,* 8 B.R. 96 (Bkrtcy.W.D.Ky.1980); *In re Davis, In re Miller,* and *In re Channel,* 23 B.R. 639 Bkrtcy.W.D.Ky.1982); *In re Thompson,* 39 B.R. 270 (Bkrtcy.W.D.Ky., 1984); *In re Clifford,* A.P. No. 3830089 (W.D.Ky., Feb. 27, 1984) (unreported); *In re Larry's Heating, Plumbing & Air Conditioning, Inc.,* A.P. No. 3830234 (W.D.Ky., Mar. 2, 1984) (unreported).

issues remaining unresolved, and enter summary judgment for the plaintiff.

The facts are simple and ugly. After shooting pool and drinking beer on the evening of January 24, 1980, Morris Beach, Russell Vaughn and Steve McCullough became involved in a fight outside a country roadhouse in Union County. Beach is the bankrupt debtor and defendant in this action.

Tammy Frey, the plaintiff in this case, worked as a waitress at the Top Spot, owned by her parents. When the fight erupted in front of the tavern, Miss Frey attempted to break it up, as she had done on similar occasions in the past. Beach broke away from the fight and dashed to get his shotgun out of his car. He pointed it out of the car window and it discharged. Depending upon whose testimony is believed, Beach either pulled the trigger alone, or one of his adversaries jarred the barrel, in an attempt to avoid injury, causing the gun held by Beach to discharge. In either event Tammy Frey had a large part of her right arm blown away by a shotgun blast at close range. She has had emergency and/or reconstructive surgery on six separate occasions.

Miss Frey sued all of the combatants in Union Circuit Court, which pursuant to a jury verdict entered judgment against Beach and Vaughn jointly and severally. A third codefendant was exonerated by the jury.

Beach subsequently filed bankruptcy, and Frey brought this nondischargeability action under 11 U.S.C. § 523(a)(6) in order to execute on the $58,476 judgment debt.

Earlier in this proceeding we had refused to rule for the plaintiff based solely on the jury instructions used in the state court action. They were sufficiently ambiguous that we were not satisfied that the elements of "willful and malicious action" had been considered in the state court proceeding.

All ambiguity has been removed by the depositions made a part of this record. Even from the silent tableau of the transcript there emerges the image of a man bent on doing harm to others. A man who goes for his shotgun in the middle of a fistfight, under the circumstances described in the depositions, demonstrates a willful and malicious intent that is beyond all peradventure.

Even assuming the facts most favorable to Beach—that the weapon was jostled by an adversary during the fracas—the facts remain that it was his shotgun, he went to his car to get it, and it was his hand on the trigger. The likelihood of any further testimony coming forth which would be exculpatory of such conduct is so remote as to be beyond reasonable belief.

For the above reasons, summary judgment will this day be entered in favor of the plaintiff and against the defendant in the amount of $58,476.04.