**In re Thomas H. WILSON, Debtor.**

**Larry DIXON, Plaintiff,**

v.

**Thomas WILSON, Defendant.**

**Adv. No. 85–0033.**

United States Bankruptcy Court,
M.D. Alabama, E.D.

June 12, 1985.

Sam E. Loftin, Phenix City, Ala., for plaintiff.

V. Cecil Curtis, Phenix City, Ala., for defendant/debtor.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY

### (11 U.S.C. § 523(a)(6))

RODNEY R. STEELE, Bankruptcy Judge.

The plaintiff claims in this case that the defendant/debtor wilfully and maliciously shot him with a shotgun on June 19, 1982, and that the ensuing civil recovery in the Circuit Court of Russell County, Alabama in Case No. CV–82–261 in the sum of $100,000 in favor of plaintiff and against defendant, ought to be determined nondischargeable under Title 11, United States Code, Section 523(a)(6).

The complaint came on for hearing on June 5, 1985, at Opelika. The defendant/debtor joined issue.

Plaintiff Larry Dixon and his family have lived in the same apartment complex as neighbors to defendant Thomas Wilson and his wife, Gladys, since 1960 or 1961. They live in the Price Road Apartments at Phenix City.

There are two doors between the apartments. On June 19, 1982, the plaintiff had accosted defendant's wife, Gladys, in her own yard about 11:30 p.m. He had accused her of telling untruths about the defendant in the apartment complex and at the place where he worked. He told her on that occasion to stay out of his business. Her testimony is that he struck her with a stick.

In any event, she had a .32 caliber pistol with her, and she threatened the defendant. He testified that he knocked her down. In the meantime, the police arrived, and when they arrived, the two of them were grappling for the gun on the ground. The police sent Gladys Wilson to her home. They handcuffed the plaintiff, and placed him in a police car.

After talking to the two of them, the police instructed them to go to their homes, and the police did not make any arrest.

About 1½ hours later, when Wilson came home from work, his wife told him of the altercation, and she and defendant walked over to the plaintiff's apartment. They called him out.

There is evidence that the plaintiff in this case had been drinking.

The testimony of the plaintiff is that the defendant met plaintiff at his own front door with a shotgun, that he tripped him, and that when he fell to the porch floor, the defendant called him an "S.O.B." and told him not to move or he would kill him. He apparently did move, for according to the testimony of the plaintiff, the defendant fired the shotgun, and shot him in the groin.

The defendant's testimony is that he went to the house of plaintiff unarmed, and did call him out, and that the plaintiff did come out of his house and produced a knife and threatened the defendant in the yard. The testimony is not clear about the position of the plaintiff and the defendant and the defendant's wife in the yard.

The defendant's testimony, however, supported by the testimony of his wife,

Gladys, is that Gladys had stepped back into the house when the two men were standing in the yard, and had picked up the shotgun. Gladys warned her husband that the plaintiff had a knife, and threw the shotgun to her husband. The testimony of the defendant and his wife is that when the defendant caught the shotgun, it went off, and injured the plaintiff.

We conclude that there was a wilful and malicious injury. We disbelieve the testimony of the defendant and his wife in this case. We find it difficult to believe that the wife threw the shotgun to her husband and that it accidentally went off injuring the plaintiff in the groin.

We are further impressed by the testimony of the plaintiff's wife, who stood in the door while this occurred, and who testified in support of Larry Dixon.

A case similar to this may be found in *In re White, Davis v. White*, (U.S.B.C. E.D. Va.1982), 18 B.R. 246. We conclude that where the intentional handling of a firearm—an inherently dangerous object, whose only use is to maim or kill—causes injury to another, it is a wilful and malicious injury. See also *In re Beach, Frey v. Beach*, (U.S. B.C. W.D.Ky., 1984), 39 B.R. 56. And cf. *In re Askew*, (U.S.B.C. M.D.Ga., 1982), 22 B.R. 641, affirmed on appeal to 11th Cir., *Askew v. Brawner*, (1983) 705 F.2d 469.

The conclusion finally is that the debt, liquidated in the Circuit Court proceedings prior to bankruptcy and resulting in a judgment of $100,000 in favor of the plaintiff and against the defendant in this case, is a nondischargeable debt, and upon the prayer of the plaintiff in this case. An appropriate order will enter.