In re Doyle K. BISHOP, Debtor.

Bennie BRYANT, Plaintiff,

v.

Doyle K. BISHOP, Defendant.

Bankruptcy No. 18400132.
Adv. No. 1840028.

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 23, 1985.

Henry Dickinson, Glasgow, Ky., Trustee.

William E. Hudson, Greensburg, Ky., for defendant.

Phillip Huddleston, Bowling Green, Ky., for plaintiff.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The doctrine of collateral estoppel, that marvelous invention of the common law for the finality of justice and the tidying up of overloaded court dockets, disposes of the case at hand. The parties are in limited agreement that our reading of the jury instructions and findings in an earlier state court action may dispose of the case without the need for a full hearing. It does.

Bennie Bryant, an amputee veteran of the Viet Nam war, hired the debtor Doyle Bishop in 1978 to build and install kitchen cabinets in Bryant's home. When the kitchen cabinets arrived, they were too light in color, and Bryant refused delivery. Later Bryant visited Bishop's shop, where a discussion of specifications rapidly deteriorated into a name-calling contest. During the course of it Bryant may or may not have called Bishop a "damned liar"—the evidence is unclear on the point—but what is clear is that the confrontation ended when Bishop hit Bryant in the head with a hammer. Bryant sued Bishop in state court and obtained a judgment of $12,500 in compensatory damages.

Relevant portions of the judge's charge to the jury and its related finding are as follows:

Instruction No. 2.

If you believe from the evidence that the defendant's act in striking the Plaintiff was intentional, wanton, willful and malicious, you may in your discretion award punitive damages against him in addition to the damages authorized under Instruction No. 1, but such award of punitive damages shall not exceed $5,000, and amount demanded in the complaint for that item. If you award punitive damages, you will state the amount separately from the sum, if any, awarded under Instruction No. 1.

Verdict

. . . . .

We, the jury, find for the Plaintiff, Bennie Bryant, under Instruction No. 2 and award him punitive damages in the amount of $0.00.

(signed) Bobbie Foley
Foreman

Later in Bishop's bankruptcy Bryant brought a nondischargeability action to protect his $12,500 judgment against the negative effect of a bankruptcy discharge, alleging under the appropriate statute, 11 U.S.C. § 523(a)(6), that the judgment debt arose out of a willful and malicious injury.

The court has been supplied with copies of appropriate parts of the state court trial transcript, jury instructions, resulting verdict, and depositions, as well as legal briefs from opposing counsel.

\* \* \* \* \* \*

██ Collateral estoppel is a most favored notion. It provides, in essence, that if an issue has been fully and fairly adjudicated between parties, then those parties will be estopped from relitigating that same issue in another forum. Collateral estoppel and the related doctrine of res judicata have been frequently applied by this court, particularly during our recent history of shrinking jurisdiction. *In re Hargis*, 44 B.R. 225 (Bkrtcy.W.D.Ky.1984); *In re Waters*, 38 B.R. 277 (Bkrtcy.W.D.Ky.1984); *In re Channel*, 23 B.R. 638 (Bkrtcy.W.D.Ky. 1982); *In re Miller*, 23 B.R. 636 (Bkrtcy.W. D.Ky.1982); *In re Davis*, 23 B.R. 633 (Bkrtcy.W.D.Ky.1982). In willful and malicious injury cases, we look primarily to the questions of whether (1) the same stan-

dards of willfulness and malice were applied under state law in an earlier state court proceeding as would be considered in a bankruptcy case under 11 U.S.C. § 523(a)(6), and (2) if so, whether the issue was *actually* litigated. A mere default judgment, for example, would not satisfy the actual litigation requirement, and would force a new trial here.

■ In the Doyle Bishop case, the jury instructions are consistent with the requirements of state law, which in turn are compatible with the definitional standards of "willful and malicious" conduct for purposes of bankruptcy law. Further, the jury verdict which resulted from a full trial of the issue expressly found such conduct to have occurred.

■ But Bishop's counsel raises an additional argument—that the express finding of "intentional, wanton, willful and malicious" conduct was negated by the jury's refusal to assess punitive damages. We cannot buy the argument. The clear language of the jury verdict is entitled to our complete respect. Punitive damages were completely permissive under the judge's instructions, and the jury might well have considered that $12,500 in compensatory damages was enough to reward the plaintiff and punish the defendant without the necessity of a "private fine," as punitive damages have been called, to deter the defendant from further such conduct.

■ We hold, then, that an award of punitive damages is not necessary to a state court verdict of willful and malicious intent for us to accept the verdict as controlling on that point. There are limits beyond which an equity judge should not assert his authority, and the unequivocal verdict of a duly constituted and well-instructed state court jury is one such limit.

Doyle Bishop meant to hurt Bennie Bryant when he hit him in the head with a hammer. Our order of nondischargeability will issue today.