Charles E. WOOD, Appellant
(Defendant),

v.

The CITY OF CASPER, Appellee
(Plaintiff).

No. 83–243.

Supreme Court of Wyoming.

July 17, 1984.

Ronald L. Brown, Burke & Brown, Casper, for appellant.

Richard H. Peek, Asst. City Atty., Casper, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This is an appeal from an affirmance by the district court of a judgment of the municipal court of the City of Casper finding appellant guilty after a trial to the court of reckless driving in violation of § 31–5–229, W.S.1977, and of leaving the scene of an accident in violation of § 31–5–1102, W.S.1977, both as adopted by the City. Appellant was fined $200.00 plus $5.00 court costs on each charge.[1]

We affirm.

■ The issue presented in this case is whether or not there was sufficient evidence to support the finding of guilt.

"The oft-repeated rule by which we test the sufficiency of evidence on appeal of a criminal matter is that we examine and accept as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith, and we give to the evidence of the prosecution every favor-

1. This case was previously before us on an appeal from a dismissal for lack of prosecution by the district court of the appeal to it from the municipal court. At that time, we reversed and remanded with instructions to consider the appeal on its merits. *Wood v. City of Casper,* Wyo., 660 P.2d 1163 (1983).

able inference which may reasonably and fairly be drawn therefrom. Stated another way—it is not whether the evidence establishes guilt beyond a reasonable doubt for us, but rather whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in the light most favorable to the State. [Citations.]" *Harvey v. State*, Wyo., 596 P.2d 1386, 1387 (1979).

The same standard of appellate review applies when the trial is to the court without a jury. *Newell v. State*, Wyo., 548 P.2d 8 (1976).

When reviewed in this light, the evidence reflects that Todd Coleman was driving his motor vehicle westbound on CY Avenue in a left lane and his friend, Sutton Perkins, was doing likewise in the right lane. The inference is that they were proceeding along side of each other. Someone was driving a blue pickup truck behind them. The traffic on CY Avenue was stopped by a traffic control red-green light at Outer Drive. After it began to move on a green light, Coleman got far enough ahead of Perkins to allow the driver of the pickup truck to cut in front of Perkins and pass Coleman on the right. The pickup truck then returned to the left lane, and the driver suddenly applied the brakes. Coleman also braked his vehicle and came within one foot of impact with the pickup truck. Coleman moved to the right lane and the driver of the pickup truck, in front of him, did likewise, suddenly applying his brakes again. Coleman again applied his brakes and moved to the left lane. The driver of the pickup truck swerved in front of him again. This time, when the driver of the pickup truck applied his brakes, Coleman was unable to do likewise in time to avoid impact. Coleman's vehicle sustained front-end damage. The pickup truck was not damaged. Richard Kenney, a body-shop foreman called by appellant as an expert witness, testified that the bumper on appellant's truck was not a normal bumper, but was much heavier and was several times stronger and sturdier than a normal bumper.

After the impact, the driver of the pickup truck continued his travel, and Perkins followed him until he could no longer keep up with the speed at which the pickup truck was traveling, whereupon Perkins turned around at the Goose Egg Road. Coleman, Perkins, and Kevin Bertrand, a passenger in Coleman's vehicle, identified appellant's pickup truck as the one involved in the accident. Connie Garvin, a passenger in Perkins' vehicle, confirmed the effort to follow the pickup truck after the accident.

Such evidence was sufficientl y substantial to form the basis for a reasonable inference beyond a reasonable doubt that (1) someone was driving appellant's pickup truck, (2) with willful and wanton disregard for the safety of persons or property, and that (3) appellant's pickup truck was involved in an accident, (4) with the driver leaving the scene of such accident.

■ But appellant contends that the evidence was insufficient to establish the fact that he was driving the pickup truck. The contention is inaccurate. Appellant acknowledged driving the pickup truck on CY Avenue at the approximate time of the accident, that his progress was impeded by two cars blocking the intersection of CY Avenue and Outer Drive, and that one of the cars closely followed him at high speed for some distance after leaving the intersection before it turned around at the Goose Egg Road and proceeded back toward Casper. Appellant further acknowledged that he told Bruce Coleman, Todd Coleman's father, that he had been involved in an incident similar to the pertinent accident. Bruce Coleman testified that he asked appellant if he was involved in the collision and appellant said yes and agreed to pay part, but not all, of the damage. Bruce Coleman further testified that appellant told him that he thought Todd Coleman should be taught a lesson.

This was evidence sufficiently substantial to form the basis for a reasonable inference that beyond a reasonable doubt

appellant was driving the pickup truck at the time of the accident.

Thus, there was sufficient evidence to support a finding beyond a reasonable doubt of the existence of all of the elements of the statutes of which appellant was found guilty. Section 31–5–229, supra, provides that:

"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

And § 31–5–1102, supra, provides that:

"Any driver of a vehicle involved in an accident with another vehicle, driven or attended by any other person, which accident results only in damage to such other vehicle, shall immediately stop such vehicle at the scene, or the proximity of the scene, of such accident and shall fulfill the requirements provided for in section 22 of this act [§ 31–5–1103].[2] Every such stop shall be made without obstructing traffic more than is necessary. Any person failing to stop or comply with said requirements under such circumstances shall be guilty of a misdemeanor."

 Of the elements of these two crimes[3], only "willful or wanton disregard for the safety of persons or property" re-

quires legal interpretation. In *State v. Rideout*, Wyo., 450 P.2d 452, 454 (1969), we said:

"The pivotal words * * * 'willful or wanton disregard for the safety of persons or property' were considered in *Norfolk v. State*, Wyo., 360 P.2d 605, 607 [1961], and it was observed that willful misconduct implies at least the intentional doing of something either with a knowledge that serious injury is a probable (as distinguished from a possible) result, or the intentional doing of an act with a wanton and reckless disregard of its possible result. * * * " (Footnote omitted.)

See *Danculovich v. Brown*, Wyo., 593 P.2d 187 (1979); and *Mitchell v. Walters*, 55 Wyo. 317, 100 P.2d 102 (1940).

The recited evidence was sufficient to form a basis for the trial court to reasonably infer appellant's guilt as to both charges beyond a reasonable doubt.

Affirmed.

**2.** Section 31–5–1103, W.S.1977, requires identification to be furnished to the other driver and directs rendering of aid to injured persons.

**3.** Such elements are: (1) Driving a vehicle, (2) involvement of the vehicle in an accident with another vehicle, (3) failing to stop at the scene of the accident for § 31–5–1102; and (1) driving of a vehicle, (2) in willful *or* wanton disregard for the safety of persons or property for § 31–5–229.