In re Marion S. GREEN, Debtor.

Bankruptcy No. 86–03071–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Aug. 25, 1988.

Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., West Palm Beach, Fla., Norman L. Schroeder, II, Lake Worth, Fla., Raymond B. Ray, Ft. Lauderdale, Fla., for debtor.

Irving E. Gennet, Boca Raton, Fla., Trustee.

C. Daniel Petrie, Jr., Ft. Lauderdale, Fla., L. Martin Flanagan, Jones and Foster, P.A., W. Palm Beach, Fla., for Mills.

Paxton, Crow, Bragg & Smith, P.A., Morgan S. Bragg, W. Palm Beach, Fla., Robert D. Critton, Jr., Slawson, Burman & Critton, P.A., North Palm Beach, Fla., Justus Reid, Reid, Ricca & Rigell, W. Palm Beach, Fla., Thomas A. Graham, Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Ft. Lauderdale, Fla., for Townes.

## ORDER DENYING DEBTOR'S MOTION TO AMEND SCHEDULES

THOMAS C. BRITTON, Chief Judge.

The debtor moved to schedule four additional creditors, based on potential claims for contribution arising out of an automobile accident on June 11, 1986. The motion, filed August 9, 1988, was heard on August 23.

The debtor's voluntary chapter 7 petition was filed on October 1, 1986. The debtor received a discharge on January 13, 1987. A claims bar date was set for February 4, 1987. Distribution of funds to creditors by the trustee was made in accordance with the Order for Payment of Dividends dated April 20, 1988. The purely ministerial task of the Clerk to prepare a final decree is the only remaining item in closing this case.

The debtor's motion comes too late to fall within the reasonable interpretation to be given B.R. 1009(a), allowing amendments "as a matter of course at any time before the case is closed." Alternatively, giving the debtor the benefit of the permissive language of B.R. 1009(a) or permitting this case to be "reopened" to include additional creditors would serve no useful purpose in light of the Advisory Committee Note (1983) following Rule 1009:

> "If a list or schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor's claim is governed by the provisions of § 523(a)(3) of the Code."

The ability of a debtor to discharge debts under 11 U.S.C. § 523(a)(3) is based in part on whether the creditor is able to file a timely proof of claim. Taking this issue into consideration, the distinction between a no-asset case and a case with assets is recognized as decisive in *Matter of Baitcher*, 781 F.2d 1529, 1534 (11th Cir.1986). The court stated that:

> "under the new law the old prophylactic rule does not in a *no-asset case* any more deny a discharge to one who has failed to schedule for reasons of honest mistake...." (Emphasis added).

The time for filing claims in this case has long since expired. No meaningful method is available at this stage in the completed administration of this case with *distributed assets* to extend the deadline for filing claims to avoid prejudice to the originally unlisted creditors. Following the generally acknowledged principle that:

> "the right to reopen a case depends upon the circumstances of the individual case and that the decision whether to reopen is committed to the court's discretion," *In re Hawkins*, 727 F.2d 324, 326 (4th Cir.1984),

and for all the foregoing reasons, the debtor's motion is denied.