In the Matter of Anita L. SPRINGER, a/k/a Anita L. Spivey, and Gregg Achord Spivey, a/k/a Gregg A. Spivey, Debtors.

James H. RION and Juanita Rion, Plaintiffs,

v.

Gregg A. SPIVEY and Anita L. Springer, a/k/a Anita L. Spivey, Defendants.

Bankruptcy Nos. 81–1337–8B7, 81–1338–8B7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 17, 1991.

Samuel G. Crosby, Lakeland, Fla., for plaintiffs.

Pierce J. Guard, Jr., Lakeland, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for final evidentiary hearing upon Plaintiffs', James H. Rion and Juanita Rion's, Complaints Seeking Exception to Discharge. The Court reviewed the record, heard testimony and argument of counsel, and finds the relevant facts as follows:

In 1974 the Rions obtained a money judgment against Debtors/Defendants, Anita L. Springer and Gregg Achord Spivey, in state court (the "Spivey judgment"). On July 30, 1981, Debtors each filed separate individual voluntary petitions for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.). On their Schedules of Assets and Liabilities, Debtors each listed the Rions as creditors having unsecured claims without priority (Schedule A–3). Debtors listed the Rions' address as Lot 97, Davis Avenue, Lakeland, Florida. This address appeared on a Motion to Withdraw as Attorney of Record filed by the Rions' counsel in the state court case. This is the address to which the Clerk of the Bankruptcy Court sent the notices of the Section 341 meeting of creditors and fixing times for filing objections to discharge.

Each notice of the Section 341 meeting of creditors, which the Clerk of the Bankruptcy Court sent to creditors on August 21, 1981, contained the following language:

> ... it appears from the schedules of the Debtor(s) that there are no assets which can be liquidated by the Trustee from which dividends can be paid to creditors. It is unnecessary for any creditors to file a claim at this time. Creditors will be notified and will receive an opportunity to file claims if subsequently there appears that there is a possibility of paying dividends.

On April 24, 1984, the Clerk of the Bankruptcy Court sent an Order Fixing Time for Filing Claims in Gregg Spivey's bankruptcy case. This Order provided:

Pursuant to Bankruptcy Rule 3002(c)(5), creditors are hereby notified that there may be a dividend paid in this case. Accordingly, it is

ORDERED AND NOTICE IS HEREBY GIVEN that claims may be filed on or before July 23, 1984, and not thereafter, in order to share in any distribution.

The Rions never received any of the notices sent to them by the Clerk of the Bankruptcy Court. James Rion never resided at Lot 97, Davis Avenue, Lakeland. During the 1970's Mr. Rion lived in a number of different places, but in 1974 Mr. Rion lived in Kathleen, Florida, and Gregg Spivey visited him there.

Juanita Rion did reside at Lot 97, Davis Avenue, Lakeland, until the middle of 1975, at which time she moved to Ohio. After moving to Ohio, Ms. Rion made numerous trips to Lakeland. On one of these trips prior to 1981, Ms. Rion and her husband, Ronald Dimmock, ran into Gregg Spivey. Mr. Spivey either knew or learned during this brief encounter that Ms. Rion resided in Ohio.

Since Debtors supplied an incorrect address for the Rions, the notices of the bar date sent to the Rions were returned to the Clerk of the Bankruptcy Court. Debtors were asked by their bankruptcy counsel to find a correct address for the Rions. Gregg Spivey contacted the local post office, sheriff's department, and police department, as well as friends and employees. Bankruptcy counsel contacted the Rions' former state court counsel who had had no contact with the Rions for a number of years. Neither of the Rions ever had actual knowledge of Debtors' bankruptcies until 1988.

On March 21, 1988, Juanita Rion assigned her interest in the Spivey judgment to James Rion. On March 30, 1988, James Rion executed a Trust Agreement under which he conveyed the Spivey judgment to Mario Scarpa as Trustee. Scarpa's sole duty under the Trust Agreement was to endeavor to collect and then distribute the Spivey judgment. Any amounts collected, less costs and expenses, would be divided equally between James Rion and Scarpa.

As a result of Scarpa's investigations, the Rions first learned of Debtors' bankruptcies. As a result of Scarpa's efforts to collect the Spivey judgment, Debtors filed Notices of Discharge in Bankruptcy in state court and Motions to Reopen Case in this Court. This Court granted the Motions to Reopen Case for the limited purpose of allowing Debtors to amend their schedules of liabilities to include additional creditors. Each Debtor then amended his Schedule A–3 to include Juanita (Rion) Dimmock, James H. Rion, Mario Scarpa, and the other Debtor (for possible contingent liability) using their current addresses. The Rions filed their Replies to Motion to Reopen Case or in the Alternative Complaints Seeking Exception to Discharge.

The sole issue raised by the parties in these adversary proceedings is whether the Spivey judgment is excepted from discharge under Section 523(a)(3)(A) of the Bankruptcy Code.

■ As a threshold matter, however, we must deal with whether the Rions have standing to bring these adversary proceedings. Standing requires that the person seeking an adjudication be the proper party to request that adjudication. The party asserting standing must have a personal stake in the outcome of the controversy and suffer, or be threatened with, some actual injury. *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir.1990).

■ Analysis of standing requires the examination of both constitutional requirements and prudential considerations. To satisfy constitutional requirements, three factors must be present: (1) the party asserting standing must have suffered actual injury or been threatened with injury, (2) the injury must be traceable to the objectionable conduct, and (3) the relief requested must be likely to redress the injury. *E.F. Hutton*, 901 F.2d at 984. To satisfy prudential considerations, three additional factors must be met: (1) the party asserting standing must be asserting his own rights and not the rights of a third party, (2) the injury must be particular to the

litigant and not just a generalized grievance, and (3) the injury must fall within the zone of interests the statute is designed to protect. *E.F. Hutton*, 901 F.2d at 985.

The Rions clearly satisfy the constitutional requirements of standing: (1) the Rions are threatened with the discharge of their claim against Debtors, (2) the Rions were unable to participate in Debtors' bankruptcies because Debtors failed properly to schedule the Rions' claim, and (3) the Rions are seeking to have their claim excepted from discharge which will redress their inability to participate in Debtors' bankruptcies.

The Rions also satisfy the prudential considerations of standing: (1) James Rion is asserting his own rights—as beneficiary of the trust he is entitled to 50 per cent of any amount collected on the Spivey judgment, the very claim which Debtors wish to have discharged, (2) discharge of the Spivey judgment is an injury particular to the Rions and not a generalized grievance, and (3) dischargeability falls within the zone of interests the Bankruptcy Code is designed to protect. "[T]he question of standing is related only to whether the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution." *Flast v. Cohen*, 392 U.S. 83, 101, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968). Unquestionably, these cases have been presented in an adversary context in a form capable of judicial resolution. The Rions have standing to bring these adversary proceedings.

A more appropriate question is whether the Rions are real parties in interest. Bankruptcy Rule 7017 provides, in part, "Every action shall be prosecuted in the name of the real party in interest." This is a proceeding to determine the dischargeability of a debt under Section 523 of the Bankruptcy Code. Section 523(a)(3)(A) provides:

> A discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... neither listed nor scheduled under section 521(1) of this title, with the name, if known to the

debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing ...

Rule 4007(a) of the Bankruptcy Rules provides, "A debtor or any creditor may file a complaint with the court to obtain a determination of the dischargeability of any debt."

Clearly, in order to bring adversary proceedings to determine the dischargeability of a debt, the Rions must be creditors of Debtors. Through Juanita Rion's assignment to James Rion, she is no longer a creditor of Debtors. Through James Rion's transfer to Scarpa, he is no longer a creditor of Debtors. Scarpa, as Trustee holding the Spivey judgment, is a creditor of Debtors. The sole purpose of the trust is to collect the Spivey judgment. Trustee Mario Scarpa is the proper party to bring suit.

After the final evidentiary hearing in these proceedings, the Rions filed a Motion to Conform Pleadings to the Evidence seeking to substitute Mario Scarpa as party plaintiff. Bankruptcy Rule 7017 provides, in part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

This provision has been utilized to permit substitution of parties plaintiff in similar circumstances. *In re Knobel*, 54 B.R. 458 (Bankr.D.Colo.1985).

In the instant cases, Debtors have never objected to the Rions' capacity to bring these adversary proceedings, nor have Debtors objected to the Rions' Motion to Conform Pleadings to the Evidence by substituting Mario Scarpa as plaintiff. More-

over, there is no conceivable harm to Debtors in allowing the substitution. Therefore, the Rions' Motion to Conform Pleadings to the Evidence is granted, and Mario Scarpa shall be substituted as party plaintiff.

 The threshold issue having been disposed of, we now reach the merits. In order to take advantage of the benefits of bankruptcy, the debtor has a duty to list the names and addresses of each of his creditors. *Lubeck v. Littlefield's Restaurant Corporation (In re Fauchier)*, 71 B.R. 212 (9th Cir. BAP 1987); *Patterson Dental Company v. Mendoza (In re Mendoza)*, 16 B.R. 990 (Bankr.S.D.Cal.1982); *Haft v. Gelman (In re Gelman)*, 5 B.R. 230 (Bankr.S.D.Fla.1980). *See* 11 U.S.C. § 521(1), Bankruptcy Rule 1007(a)(1), and Official Bankruptcy Form 6. The burden is on the debtors to complete their schedules accurately. *In re Mendoza, supra; In re Gelman, supra.*

 Under Section 523(a)(3) of the Bankruptcy Code, the primary test to determine if a debt is excepted from discharge is whether the debt was scheduled in time to permit the timely filing of a proof of claim. *In re Fauchier*, 71 B.R. at 215. The statute is quite clear: the creditor must either have notice of the bankruptcy or have actual knowledge of the bankruptcy in time to permit timely filing of a proof of claim.

The facts before the Court establish that neither of the Rions had actual knowledge of the bankruptcies until sometime in 1988. Neither of the Rions ever had notice of the bankruptcies either because all notices were sent to them at the incorrect address supplied by Debtors and, consequently, all notices were returned to the Bankruptcy Court as undeliverable. Since the Rions were neither listed nor scheduled in time to permit their timely filing of a proof of claim and they had no notice or actual knowledge of the bankruptcies in time for the timely filing of a proof of claim, their debt is excepted from discharge under Section 523(a)(3)(A).

 Assuming, arguendo, the statute did not require strict compliance, but merely required debtors to employ reasonable diligence [1] in executing their schedules (*In re Fauchier*, 71 B.R. at 215), the Rions' claim would still be excepted from discharge. With respect to Anita Springer, she took no part whatsoever in these reopened cases. She did not testify at the final evidentiary hearing nor did she submit any evidence she exercised reasonable diligence in completing her schedules. Ms. Springer simply failed to adduce any proof she had exercised reasonable diligence in completing her schedules.

 With respect to Gregg Spivey, the evidence established that prior to his filing for bankruptcy he learned that Juanita Rion no longer lived in Lakeland, Florida, but had in fact moved to Ohio. Moreover, Mr. Spivey had visited James Rion at his home in Kathleen, Florida, not Lakeland, Florida. Despite his knowledge that Ms. Rion was out-of-state and Mr. Rion had lived in another town, Mr. Spivey inquired only locally in Lakeland as to any new addresses for the Rions. In the course of his local inquiries, he never even requested current addresses from the Post Office. In short, under even the most liberal theory of reasonable diligence, Mr. Spivey's inquiries were insufficient.

Finally, Debtors argue these bankruptcy cases are no-asset cases and absent fraud or intentional design on the part of Debtors, the Rions' claim was discharged upon the reopening of their cases and proper scheduling of the claim in bankruptcy. *See Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529 (11th Cir.1986); *In re Anderson*, 104 B.R. 427 (Bankr.N.D.Fla.1989); *Kelly v. Stover (In re Stover)*, 98 B.R. 586 (Bankr.M.D.Fla.1989).

 Failure to schedule a known debt in a no-asset case does not necessarily cause a debt to be nondischargeable. *In re*

---

1. Under the facts in these cases, this Court does not recognize "reasonable diligence" as a defense to a Section 523(a)(3) action.

*Baitcher, supra.* In a no-asset case, if the debtor's failure to schedule a known debt is for reasons of honest mistake and not due to fraud or intentional design, the debt is still discharged. The burden is on the debtor, however, to demonstrate absence of fraud or intentional design. *In re Baitcher,* 781 F.2d at 1534.[2]

■ Applying the rule of *Baitcher* to the cases at hand, the Rions' claim is not discharged with respect to either Debtor. With respect to Anita Springer, the Rions' claim is excepted from discharge due simply to a lack of proof. She has presented no evidence establishing the *Baitcher* defense.

With respect to Gregg Spivey, the Rions' claim is excepted from discharge because the Rions were clearly prejudiced by Mr. Spivey's failure to schedule their claim. *Baitcher* makes perfectly clear that honest mistake in failing to schedule a known creditor in a no-asset case does not prejudice that creditor because no creditors get anything. There are simply no assets to distribute. Thus, omitting the creditor essentially causes no harm. Had the creditor originally been scheduled, he would have been in no different position.

In Gregg Spivey's bankruptcy, however, it appears a dividend is available. The Clerk of the Bankruptcy Court notified scheduled creditors that claims were to be filed on or before July 23, 1984. As to Mr. Spivey's bankruptcy, the Rions are clearly prejudiced by not having received the Order fixing July 23, 1984, as the latest date for filing claims. The establishment of a bar date for filing proofs of claim removes Mr. Spivey's bankruptcy from the ameliorative effects of the *Baitcher* rule. The distinction between a no-asset case and a case with assets is critical. *In re Green,* 90 B.R. 560 (Bankr.S.D.Fla.1988). Unable to come within the application of the *Baitcher* rule, Mr. Spivey's bankruptcy falls squarely within the exception to discharge embod-

ied in Section 523(a)(3)(A) of the Code. Mr. Spivey failed to schedule the Rions in time to permit them timely to file a proof of claim and they had no notice or actual knowledge of Mr. Spivey's bankruptcy in time for the timely filing of a proof of claim. The Rions' claim against Mr. Spivey is excepted from discharge.

Based on the foregoing, the Rions' claim against Debtors is excepted from discharge and is nondischargeable. Separate final judgments will be entered pursuant to Bankruptcy Rule 9021. In addition, it is

ORDERED, ADJUDGED AND DECREED that the Rions' Motion to Conform Pleadings to the Evidence is granted.

DONE AND ORDERED.

---

**2.** Although *Baitcher* involved a debtor who completely failed to schedule a known creditor and not, as here, a debtor who scheduled a known creditor but listed an incorrect address, there is no reason not to apply *Baitcher* herein. To restrict *Baitcher* to cases where a creditor is completely omitted would place a debtor who completely fails to list a creditor in a better position than a debtor who supplies erroneous information about a creditor. There is simply no reason for so restricting the ameliorative effect of *Baitcher.*