ORDER
 

 Before McKAY, Chief Judge, BALDOCK and EBEL, Circuit Judges.
 

 This appeal is jurisdictionally defective because the order being appealed is not final and appealable.
 

 The creditor appealed to the district court an interlocutory order of the bankruptcy court in which the bankruptcy court denied the creditor’s claim that post-petition rents accruing to the debtor constitute cash collateral and that the creditor’s interest in the rents withstands the bankruptcy trustee’s avoiding powers. The district court reversed, 147 B.R. 575, concluding that the post-petition rents constituted cash collateral under the Bankruptcy Code. The district court remanded the matter to the bankruptcy court for further proceedings, which include consideration of the creditor’s contention that adequate protection had not been afforded the cash collateral as required by 11 U.S.C. § 363. The debtor appeals.
 

 In
 
 Connecticut Nat’l Bank v. Germain,
 
 — U.S.-, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), the Supreme Court held that interlocutory orders issued by district courts sitting as appellate courts in bankruptcy are appealable under 28 U.S.C. § 1292, despite the reference only to final orders in 28 U.S.C. § 158(d). Although this limits the holding in
 
 Matter of Commercial Contractors,
 
 771 F.2d 1373 (10th Cir.1985) that courts of appeals have jurisdiction of only final orders in bankruptcy appeals, this court held in
 
 Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson,
 
 968 F.2d 1003 (10th Cir.1992) that, even after
 
 Connecticut Nat’l Bank, Comm
 
 
 *1013
 

 ercial Contractors
 
 remains viable and “continues to provide the test for the finality of district court decisions in bankruptcy proceedings.” 968 F.2d at 1005.
 

 Accordingly,
 
 Commercial Contractors
 
 is still the case to look at to determine if there is jurisdiction where no exception to the finality rule is alleged. In
 
 Commercial Contractors,
 
 this court held that if the district court remands to the bankruptcy court for significant further proceedings, the order is not final and appealable. 771 F.2d at 1375.
 

 This court has held that a remand to the bankruptcy court for de novo hearings constitutes significant further proceedings,
 
 see Commercial Contractors,
 
 771 F.2d at 1374-75, as does a remand for additional findings of fact concerning the dispositive issue in a case,
 
 see Coats State Bank v. Grey (In re Grey),
 
 902 F.2d 1479, 1481 (10th Cir.1990), and a remand for a determination of the amount of a claim,
 
 see State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co.),
 
 905 F.2d 1362, 1366 (10th Cir.1990).
 

 However, if the purpose of the remand is to effectuate a ministerial task, or conduct additional proceedings involving little judicial discretion, the district court’s order will be considered final.
 
 State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co.),
 
 905 F.2d 1362, 1366 (10th Cir. 1990). If the remanded matter is unlikely to spawn another appeal or affect the issue on appeal, a district court’s remand order may be considered final.
 
 Id.
 

 The debtor argues that the order being appealed is final and that no significant proceedings have occurred in the bankruptcy court. This argument is without merit.
 

 The issue which is included in the remand, whether adequate protection had been afforded the cash collateral as required by § 363, is not ministerial. The remand involves a factual finding by the bankruptcy court which may include evi-dentiary hearings.
 

 This appeal does not fit within any recognized exception to the final judgment rule,
 

 APPEAL DISMISSED,