37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 GULF INSURANCE GROUP, Appellee,
v.
Roger Lee WAGNER and Mary Colleen Wagner, Appellants.
 No. 93-8099.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Debtors Roger Lee Wagner and Mary Colleen Wagner appeal from a district court order reversing the bankruptcy court's order and remanding the case for further proceedings consistent with the district court's opinion. We affirm.
 
 
 4
 The Wagners, individually and as corporate officers of two corporations, and in consideration of a loan from Key Bank, executed a promissory note and mortgage on certain real property. The mortgage covered improvements to the property. Key Bank initiated a foreclosure action. The parties entered a stipulation which provided, in part, that the Wagners could occupy the property for one year and then could purchase the lot for its appraised value.
 
 
 5
 The parties did not reach an agreement as to the appraised value, disputing whether certain structures were "improvements" to the property. Consequently, the Wagners failed to purchase the property within the time limit. Key Bank filed an action for forcible entry and detainer and obtained a writ of restitution. The Wagners agreed to vacate the property and leave the disputed structures, including the mobile home. However, they had not done so by the agreed date. An employee of Key Bank inspected the site and discovered the Wagners in the process of cutting the mobile home apart with a "saws-all" to move it from the lot. The mobile home was on a permanent foundation and appeared to be a house of permanent construction. The Wagners were then evicted from the property.
 
 
 6
 The Wagners commenced a state court action against Key Bank for breach of contract. Key Bank counterclaimed for trespass. The Wyoming state court found in relevant part that the Wagners had destroyed the mobile home in an attempt to remove it, and that when causing the damage to the property, they were aware and understood the court had previously ruled that the disputed structures were Key Bank's property. It determined the Wagners had willfully destroyed the property, causing $21,088 damage to Key Bank. However, it declined to award punitive damages against the Wagners. The state court entered judgment for Key Bank. Appellee Gulf Insurance, as Key Bank's insurer, is the successor in interest to the Bank's rights under the judgment.
 
 
 7
 The Wagners filed a chapter 7 bankruptcy petition. Gulf sought to have the judgment excepted from discharge pursuant to 11 U.S.C. 523(a)(6). This section excepts from discharge "any debt for willful and malicious injury by the debtor to another entity or to the property of another entity." The bankruptcy court dismissed Gulf's complaint at the close of Gulf's case, based on its review of the state court decision, due to the absence of any findings that the Wagners intended to injure property belonging to Key Bank.
 
 
 8
 The district court reversed. It concluded, based on the state court's findings, that the Wagners' attempt to sever the mobile home from its foundation was an intentional, deliberate act rather than an accident. It further concluded there was circumstantial evidence to support a finding of malice, based on the fact the Wagners knew the mobile home was subject to the security agreement entered into with Key Bank, and it appeared their motivation was to violate the Bank's right to foreclose on the mobile home.
 
 
 9
 On appeal, we questioned whether the district court's order was final and appealable because it remanded the case to the bankruptcy court for further proceedings. "[I]f the district court remands to the bankruptcy court for significant further proceedings, the order is not final and appealable." Balcor Pension Investors v. Wiston XXIV Ltd. Partnership (In re Wiston XXIV Ltd. Partnership), 988 F.2d 1012, 1013 (10th Cir.1993). "However, if the purpose of the remand is to effectuate a ministerial task, or conduct additional proceedings involving little judicial discretion, the district court's order will be considered final." Id. Because it appears the purpose of the remand was to effectuate the ministerial task of entering an order stating that the judgment is not dischargeable, we conclude we have jurisdiction.
 
 
 10
 To establish an exception to discharge under 523(a)(6), the creditor has the burden of proving that the debtor's conduct was both willful and malicious. C.I.T. Fin. Servs. v. Posta (In re Posta), 866 F.2d 364, 367 (10th Cir.1989). "Willful" under 523(a)(6) means that "the debtor intentionally performed the basic act complained of." Id. The "maliciousness" element requires proof of deliberate and intentional injury. Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek (In re Pasek), 983 F.2d 1524, 1527 (10th Cir.1993).
 
 
 11
 Collateral estoppel may be applied to preclude relitigation of factual issues underlying the determination of dischargeability under 523 if "(1) the issue to be precluded is the same as the one litigated in the earlier state proceeding; (2) the issue was actually litigated in the prior proceeding; and (3) the state court's determination of that issue was necessary to the resulting final and valid judgment." Nelson v. Tsamasfyros (In re Tsamasfyros), 940 F.2d 605, 606-07 (10th Cir.1991). We review de novo the use of collateral estoppel to bar relitigation of an issue. Meredith v. Beech Aircraft Corp., 18 F.3d 890, 894 (10th Cir.1994).
 
 
 12
 The Wagners argue that "without the [state] court using these words of art [willful and malicious] to describe its findings ... the state court decision cannot be relied upon for collateral estoppel." Appellants' Br. at 8. This court held in Klemens v. Wallace (In re Wallace), 840 F.2d 762, 765 (10th Cir.1988), that it is necessary to look at the substance of the issues raised in the state court proceeding, rather than the precise terms in which those issues were described, to decide whether they are the same as the issues in the dischargeability proceeding.
 
 
 13
 As to the issue of willfulness, the state court found that the Wagners were cutting the mobile home apart with a "saws-all" to move it from the property. While the state court never expressly found that the Wagners intentionally cut the mobile home, this is evident from its finding. The Wagners were not cutting the mobile home by accident. Further, under Wyoming law, the state court conclusion that the Wagners "willfully" destroyed the mobile home is equivalent to a determination that their actions were intentional. See Crozier v. State, 723 P.2d 42, 55 (Wyo.1986); In re Adoption of GSD, 716 P.2d 984, 990 (Wyo.1986); Wood v. City of Casper, 683 P.2d 1147, 1149 (Wyo.1984).
 
 
 14
 Maliciousness may be established by showing " 'the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights.' " Pasek, 983 F.2d at 1527 (quoting Posta, 866 F.2d at 367). The state court found that when causing the damage to the mobile home, the Wagners knew it was the Bank's property. We conclude this finding is the equivalent of a finding of maliciousness under 523(a)(6). See Commercial Bank & Trust Co. v. Noland (In re Noland), 100 B.R. 68, 71 (Bankr.D. Kan.1989) (finding malicious debtors' act of stripping residence of fixtures covered by mortgage on eve of foreclosure where debtors knew items were mortgaged and that their acts would damage mortgagee).
 
 
 15
 The Wagners argue that the state court's refusal to award punitive damages precludes application of collateral estoppel in favor of Gulf. We disagree. An award of punitive damages in Wyoming is discretionary. Sheridan Commercial Park, Inc. v. Briggs, 848 P.2d 811, 818 (Wyo.1993). While a finding of malice or willful and wanton conduct is sufficient to warrant punitive damages, id., it would not compel such an award. The state court may have declined to award punitive damages for reasons unrelated to whether it found the Wagners' conduct willful and malicious. See Bryant v. Bishop (In re Bishop), 55 B.R. 687, 689 (Bankr.W.D.Ky.1985).
 
 
 16
 The Wagners also argue that Gulf, as an assignee of the Bank's money judgment, cannot claim an exception to discharge. Bankruptcy Rule 4007(a) provides that "[a] debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt." An assignee of a judgment is a creditor entitled to obtain a determination of dischargeability. Rion v. Spivey (In re Springer), 127 B.R. 702, 706 (Bankr.M.D. Fla.1991).
 
 
 17
 The Wagners rely on In re Dodge, 9 F.Supp. 540 (N.D.N.Y.1935), aff'd, 86 F.2d 259 (2d Cir.1936), which held that an assignee of a state court judgment for malicious assault could not obtain an exception to discharge under the predecessor to 523(a)(6). There, however, state law prevented assignment of claims for personal injury. While a judgment recovered upon such a claim could be assigned, it would be considered a money judgment rather than one for personal injury. Thus, the assignee of the judgment did not have a nondischargeable claim or liability for willful and malicious injury to person under the then-current bankruptcy code. Id. at 544-45. Even if Dodge correctly expresses the law of this circuit, the Wagners cannot benefit from it as they made no showing that state law precluded assignment of the Bank's claim to Gulf.
 
 
 18
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470