57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re James Harrison YEARY and Linda Jensen Yeary, Debtors,
Sonitrol Financial Corporation, a Delaware corporation, now
known as Advantor Capitol Corporation, a Virginia
corporation, Plaintiff-Appellee,
v.
OKLAHOMA CITY ABSTRACT & TITLE CO., an Oklahoma corporation, Defendant,
and James Harrison YEARY and Linda Jensen Yeary,
Defendants-Appellants.
 No. 94-6215.
(D.C. No. 93-1247-A)
 United States Court of Appeals, Tenth Circuit.
 June 7, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, Circuit Judge, and BELOT,[2] District Judge.
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 James Harrison Yeary and Linda Jenson Yeary appeal a district court order awarding attorneys fees and expenses to Sonitrol Financial Corporation (SFC). We dismiss their appeal for lack of jurisdiction.
 
 
 3
 The Yearys filed a bankruptcy petition and scheduled stock in Sonitrol of Oklahoma City (SOKC) as property of their estate. SFC subsequently commenced an adversary proceeding, claiming ownership of the SOKC stock. The district court withdrew the reference to the bankruptcy court and granted summary judgment to SFC.[3] SFC then asked the district court to award it attorneys fees and costs. On May 16, 1994, the court determined that SFC was entitled to $66,113 in attorneys fees and costs but declined to decide the ramifications of the award on the Yearys' bankruptcy estate. Instead, it referred the matter "back to the bankruptcy court for a determination of the effect of this award on the Chapter 13 estate, as it is the judicial entity with the most experience in handling such exercises." Aplt.App. at 116-17. The Yearys appeal.
 
 
 4
 Because the district court explicitly referred a significant matter back to the bankruptcy court, we conclude that the May 16 order is not a "final decision" for purposes of 28 U.S.C. 1291. See Balcor Pensions Investors v. Wiston XXIV Ltd. Partnership (In re Wiston XXIV Ltd. Partnership), 988 F.2d 1012 (10th Cir.1993); see also Conroe Office Bldg. Ltd. v. Nichols (In re Nichols), 21 F.3d 690 (5th Cir.1994). This appeal is therefore DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 The Yearys appealed the summary judgment order in a separate appeal, Nos. 94-1609 and 94-6190. We are simultaneously herewith reversing the summary judgment in a separate opinion