**In re BALANCED PLAN, INC., Debtor.**

**In re Jerald Fred Albin, Debtor.**

**Nos. 98–44383, 99–40580.**

United States Bankruptcy Court, W.D. Missouri.

Jan. 31, 2001.

---

Scott J. Goldstein, for the trustee.

Larry E. Parres, St. Louis, MO, for Jerald and Joan Mahanke.

Robert A. Pummill, Overland Park, KS, trustee.

## ORDER

FRANK F. KOGER, Bankruptcy Judge.

On December 28, 2000, the Court called for hearing the motion filed by the Trustee, Robert A. Pummill, to substantively consolidate, *nunc pro tunc*, the bankruptcy estates of Balanced Plan, Inc. and Jerald Fred Albin with a nondebtor, J.F. Albin Companies, Ltd., and the objection thereto filed by Jerald and Joan Mahanke. At the hearing the Trustee contended that the Mahankes did not have standing to object to the substantive consolidation motion, and the Mahankes objected to the admission of Exhibits 4 through 15 that were offered by the Trustee. The Court agreed to continue the hearing on the Trustee's substantive consolidation motion pending ruling on the above two matters. The Court also agreed to hear the Mahankes' motion to dismiss Count I of the Trustee's adversary complaint, Adversary Number 00–4138, at the same time it takes up the Trustee's substantive consolidation motion for the reason that the motion to dismiss in Adversary Number 00–4138 and the Trustee's substantive consolidation motion in these bankruptcy cases involve the same issues.[1] The Court will ask the parties to prepare an agreed scheduling order in Adversary Number 00–4138 after a final hearing and ruling on the Trustee's substantive consolidation motion.

---

1. In Count I of the adversary complaint, the Trustee requests that the Court substantively consolidate Balanced Plan, Inc. and J.F. Albin Companies, Ltd., to the extent necessary to recover under the preferential transfer and fraudulent transfer causes of action against the Mahankes, who are the only defendants in the Trustee's suit.

*Standing of Mahankes to Object to Substantive Consolidation*

■ In Adversary Number 00–4138, in Counts II through IV, the Trustee, on behalf of debtor Balanced Plan, Inc., has brought suit against the Mahankes to recover either as a preferential transfer or fraudulent transfer the sum of $236,313.90 that the Mahankes allegedly received from J.F. Albin Companies, Ltd. and/or Balanced Plan, Inc. within 90 days of the involuntary bankruptcy filing in Balanced Plan, Inc., which occurred on October 9, 1998. If the Trustee is successful in his substantive consolidation motion and adversary proceeding, the Mahankes will owe a very large sum of money to the bankruptcy estates.

■ Standing is jurisdictional in nature, and whether the Mahankes have standing is a threshold inquiry. *See Gordon v. Basroon (In re Plaza Mortgage and Fin. Corp.)*, 187 B.R. 37, 40 (Bankr. N.D.Ga.1995). "Standing requires that the person seeking an adjudication be the proper party to request that adjudication." *Rion v. Spivey (In re Springer)*, 127 B.R. 702, 705 (Bankr.M.D.Fla.1991). "The party asserting standing must have a personal stake in the outcome of the controversy and suffer, or be threatened with, some actual injury." *Id. See also Willard v. O'Neil (In re Willard)*, 240 B.R. 664, 668 (Bankr.D.Conn.1999) ("In the bankruptcy context, standing requires an 'aggrieved person ... directly and adversely affected pecuniarily' by the order of a bankruptcy court."); *In re Drost*, 228 B.R. 208, 209 (Bankr.N.D.Ind.1998) ("Standing to object to a proposed course of action in a bankruptcy case requires a party to have a pecuniary interest which will be directly and adversely affected by the order the court is asked to issue.").

In *In re Verdi*, 241 B.R. 851, 859 (Bankr. E.D.Pa.1999) (citations omitted), the bankruptcy court opined:

[W]e are rarely receptive to defenses based on lack of standing ....If a party believes itself affected by some event enough to take the trouble to raise it as an issue, it can usually be assumed that that party has a sufficient interest in the issue to be held to have standing to assert it. "[W]e are very reluctant to allow standing to become a means to avoid deciding difficult substantive issues put before us." ...

In *Rion v. Spivey (In re Springer)*, the bankruptcy court stated:

Analysis of standing requires the examination of both constitutional requirements and prudential considerations. To satisfy constitutional requirements, three factors must be present: (1) the party asserting standing must have suffered actual injury or been threatened with injury, (2) the injury must be traceable to the objectionable conduct, and (3) the relief requested must be likely to redress the injury.... To satisfy prudential considerations, three additional factors must be met: (1) the party asserting standing must be asserting his own rights and not the rights of a third party, (2) the injury must be particular to the litigant and not just a generalized grievance, and (3) the injury must fall within the zone of interests the statute is designed to protect....

*Rion v. Spivey*, 127 B.R. at 705–06 (citations omitted).

Here, the Mahankes have a significant financial stake in the outcome of the Trustee's substantive consolidation motion and the Trustee's adversary proceeding, and are being threatened with substantial financial injury. Such financial injury is directly traceable to the Trustee's substantive consolidation motion, and if the Court denies the motion based upon the Mahankes objection, the potential injury will be avoided. The Mahankes are asserting their own rights, and although substantive consolidation of the debtors' estates with a non-debtor will impact all three entities along with the creditors of each of the three entities, the financial injury the Mahankes seek to avoid by objecting to sub-

stantive consolidation is particular to them. Finally, the Trustee calls upon the ultimate equitable powers of this Court by seeking substantive consolidation under 11 U.S.C. § 105(a). A bankruptcy court is a court of equity, and the Court determines that the financial injury to which the Mahankes are exposed is within the zone of interests protected by the equitable nature of section 105(a).

In sum, the Court determines that the Mahankes have met both the constitutional and prudential requirements of standing to object to the Trustee's substantive consolidation motion. The Trustee's objection based on standing is DENIED.

### Admissibility of Trustee's Exhibits 4 through 15

■ The Mahankes object to the admissibility of Trustee's Exhibits 4 through 15 contending they are inadmissible hearsay under Federal Rules of Evidence 801(c) and 802. Regarding the admissibility of the Trustee's exhibits 4 through 15, the Court rules as follows.

1. Exhibit 4 is a transcript of a hearing held on January 23, 1998, before three hearing officers of the Securities and Exchange Commission. The only witness who testified was Jerald F. Albin, who was not represented by counsel. Jerald Albin responded to questions asked by each of the three hearing officers. The purpose of the hearing was an investigation by the SEC in the matter of Balanced Plan Accumulation Trust to determine whether there was a violation of the Federal securities laws. The Court determines the transcript is hearsay, and does not meet the requirements for the exception to the hearsay rule found in Federal Rule of Evidence 804(b)(1). *See also* Russell, Bankruptcy Evidence Manual, § 804.3 pp. 864–65 (2001 ed.). Trustee's Exhibit 4 is inadmissible.

2. Exhibit 5 is a transcript of a deposition taken of Jerald F. Albin on January 26, 1999, in *Securities and Exchange Commission v. Jerald Albin, et al.*, case number 98–0977–CV–W–8, filed in the United States District Court for the Western District of Missouri. The Court determines the deposition transcript is hearsay, and does not meet the requirements for the exception to the hearsay rule set forth in Federal Rule of Evidence 804(b)(1). Further, the Trustee's proposed use of the deposition transcript does not satisfy the requirements of Federal Rule of Civil Procedure 32(a), which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7032. *See also Hannah v. City of Overland, Missouri*, 795 F.2d 1385, 1390 (8th Cir.1986); *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir.1982); *George R. Whitten, Jr., Inc. v. State University Construction Fund*, 359 F.Supp. 1037, 1039 (D.Mass.1973), *aff'd*, 493 F.2d 177 (1st Cir.1974). Trustee's Exhibit 5 is inadmissible.

3. Exhibit 6 is a Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction, and Other Equitable Relief filed by the SEC in case number 98–0977–CV–W–8. The Court determines the Complaint constitutes hearsay for which no exception to inadmissibility applies. Trustee's Exhibit 6 is inadmissable. However, pursuant to *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir.1994), this Court may take judicial notice of a document filed in another court only to establish the fact of such litigation and related filings. Accordingly, the Court will take judicial notice of the fact that the SEC filed the Complaint in case number 98–0977–CV–W–8.

4. Exhibit 7 is an Application for a Temporary Restraining Order filed by the SEC in case number 98–0977–CV–W–8. The Court determines the Application constitutes hearsay for which no exception to inadmissibility applies. Trustee's Exhibit 7 is inadmissible. However, the Court will take judicial notice of the fact that the SEC filed the Application in case number 98–0977–CV–W–8 pursuant to *Jones*, 29 F.3d at 1553.

5. Exhibit 8 is Plaintiff Securities and Exchange Commission's Memorandum in Support of Application for Temporary Restraining Order filed by the SEC in case number 98–0977–CV–W–8. The Court determines the Memorandum constitutes hearsay for which no exception to inadmissibility applies. Trustee's Exhibit 8 is inadmissible. However, the Court will take judicial notice of the fact that the SEC filed the Memorandum in case number 98–0977–CV–W–8 pursuant to *Jones,* 29 F.3d at 1553.

6. Exhibit 9 is the Affidavit of Joseph J. Zito, with attachments, filed by the SEC in case number 98–0977–CV–W–8. The Court determines the affidavit, including the attachments, constitutes hearsay, and that no exception to inadmissibility applies. *See Brown v. Internal Revenue Serv. (In re Brown),* 82 F.3d 801, 805–06 (8th Cir. 1996); *Commercial Union Assurance Co. v. Hartford Fire Ins. Co.,* 86 F.Supp.2d 921, 924 (E.D.Mo.2000). *See also* Russell, Bankruptcy Evidence Manual, § 801.1 p. 795 (2001 Ed.). Trustee's Exhibit 9 is inadmissible. However, the Court will take judicial notice of the fact that the SEC filed this Affidavit in case number 98–0977–CV–W–8 pursuant to *Jones,* 29 F.3d at 1553.

7. Exhibit 10 is the Affidavit of Luz M. Aguilar, with attachments, filed by the SEC in case number 98–0977–CV–W–8. The Court determines the affidavit, including the attachments, constitutes hearsay, and that no exception to inadmissibility applies. *See Brown,* 82 F.3d at 805–06; *Commercial Union Assurance Co.,* 86 F.Supp.2d at 924. *See also* Russell, Bankruptcy Evidence Manual, § 801.1 p. 795 (2001 ed.). Trustee's Exhibit 10 is inadmissible. However, the Court will take judicial notice of the fact that the SEC filed this Affidavit in case number 98–0977–CV–W–8 pursuant to *Jones,* 29 F.3d at 1553.

8. Exhibit 11 is the Temporary Restraining Order filed on September 11, 1998, in case number 98–0977–CV–W–8. This court order is hearsay, and no exception to inadmissibility applies. *See United States v. Jones,* 29 F.3d 1549, 1553–54 (11th Cir.1994); *Nipper v. Snipes,* 7 F.3d 415, 417 (4th Cir.1993); 5 Weinstein's Federal Evidence, § 803.28[2] p. 803–129 (2d ed. 2000) ("Prior civil judgments are inadmissible, except to the limited extent provided by the exception for judgments as to personal, family or general history or boundaries ... or as given effect by the doctrines of res judicata and collateral estoppel, which lie outside the scope of rules of evidence."). However, this Court may take judicial notice of the Temporary Restraining Order for the limited purpose of recognizing the "judicial act" that the order represents. *See Jones,* 29 F.3d at 1553. Accordingly, although Trustee's Exhibit 11 is inadmissible hearsay, the Court will take judicial notice of the fact that the United States District Court for the Western District of Missouri entered the Temporary Restraining Order in case number 98–0977–CV–W–8.

9. Exhibit 12 is an Order of Permanent Injunction filed on November 2, 1998, in case number 98–0977–CV–W–8. Exhibit 13 is an Order Directing Payment of Funds in Court Registry to Bankruptcy Trustee filed on December 2, 1999, in case number 98–0977–CV–W–8. Exhibit 14 is a Final Order and Judgment of Permanent Injunction and Other Relief Against Jerald F. Albin and Balanced Plan, Inc. d/b/a Balanced Plan Accumulation Trust filed on December 3, 1999, in case number 98–0977–CV–W–8. All three of these court orders constitute hearsay, and no exception to inadmissibility applies. *See Jones,* 29 F.3d at 1553–54; *Nipper,* 7 F.3d at 417; 5 Weinstein's Federal Evidence, § 803.28[2] p. 803–129 (2d ed.2000). However, although Trustee's Exhibits 12, 13 and 14 are inadmissible hearsay, pursuant to *Jones,* 29 F.3d at 1553, this Court will take judicial notice of the fact that the United States District Court for the Western District of Missouri entered the Order of Permanent Injunction, the Order Di-

recting Payment of Funds in Court Registry to Bankruptcy Trustee, and the Final Order and Judgment of Permanent Injunction and Other Relief Against Jerald F. Albin and Balanced Plan, Inc. d/b/a Balanced Plan Accumulation Trust in case number 98–0977–CV–W–8.

 10. Exhibit 15 is a Judgment filed on July 14, 1999, in a criminal case brought by the United States of America against Jerald F. Albin in the United States District Court for the Western District of Missouri, case number 4:99CR00069, which shows that Jerald F. Albin pleaded guilty to one count of mail fraud, as that offense is described in 18 U.S.C. § 1341.[2] The Court determines that Exhibit 15 is admissible. *See Estate of Chlopek by Fahrforth v. Jarmusz*, 877 F.Supp. 1189, 1194 (N.D.Ill.1995) (Hearsay rule does not exclude guilty plea of third party in subsequent civil action); *United States v. Gotti*, 641 F.Supp. 283, 290 (E.D.N.Y.1986)

(Guilty plea of third party admissible in subsequent action); 2 McCormick on Evidence, § 298 p. 282 (1999) ("When the judgment of conviction is offered in a civil case ... there is no restriction as to the parties against whom the evidence is admissible.").

In sum, the Mahankes' objection to the admission of Trustee's Exhibits 4 through 15 is GRANTED IN PART and DENIED IN PART. Trustee's Exhibits 4 through 14 are inadmissible hearsay. The Court will take judicial notice only of the fact of the existence of Exhibits 6 through 14. Trustee's Exhibit 15 is admissible.

**2.** It appears that page two is missing from this exhibit.