FILED
United States Court of Appeals
Tenth Circuit

May 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

GREG MATTHEW ROLLISON,

     Debtor.

-----------------------------------------------

KELVIN KNAUB; HOLLY KNAUB,

     Plaintiffs-Appellants,

v.

GREG MATTHEW ROLLISON,

     Defendant-Appellee.

No. 13-1503
(BAP No. 13-028-CO)
(BAP)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Kelvin and Holly Knaub appeal from a decision of the Bankruptcy Appellate

Panel (BAP) reversing the bankruptcy court's damages order and remanding for

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

further proceedings. Concerned that this court lacked jurisdiction, we asked the parties to file briefs on whether the BAP's decision was final and appealable. The Knaubs have done so; the appellee, debtor Greg Matthew Rollison, has filed a notice of nonparticipation. Having reviewed the matter, we conclude that we lack jurisdiction. Accordingly, we dismiss this appeal.

The bankruptcy court conducted a bifurcated trial in an adversary proceeding that the Knaubs filed against Mr. Rollison. In the merits phase, the court determined that Mr. Rollison's debt to the Knaubs was nondischargeable because it was based on false representations he made in 2007 regarding his ability to build a replacement home for one he had built for them in 2003, which had serious defects. The court then ruled against Mr. Rollison regarding the legal standard by which to measure the Knaubs' damages, concluding that the "benefit of the bargain" rule applied, not the "out of pocket" rule. Thereafter, the parties stipulated that under the "benefit of the bargain" rule, the amount of damages was $162,000—the difference between the defective house's value at the time of purchase and the amount the Knaubs actually paid for it. The bankruptcy court entered a damages order in that amount.

Mr. Rollison appealed the damages order to the BAP. The BAP concluded that the proper measure of damages was the "out of pocket" method, which concerns damages arising after—and proximately caused by—Mr. Rollison's promise in 2007 to build them a new house. By way of example, the BAP posited that the Knaubs might be able to recover damages for losses based on their belief and expectation that

Mr. Rollison would build the new house as promised, such as architect fees, soil tests, or materials purchased for upgrades. Observing that the bankruptcy court had taken no evidence on the amount of such damages, the BAP remanded for further consideration. The Knaubs then brought this appeal.

The Knaubs claim we have jurisdiction under 28 U.S.C. § 158(d)(1), which in relevant part provides that circuit courts have jurisdiction over "all final decisions, judgments, orders, and decrees" entered by the BAP. A decision is not final if it "remands the case to the bankruptcy judge for significant further proceedings." *State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co.)*, 905 F.2d 1362, 1365 (10th Cir. 1990) (internal quotation marks omitted). "A remand for significant further proceedings includes one requiring de novo hearings, additional findings of fact concerning the dispositive issue in the case, or a determination of the amount of a claim." *Jones v. Jones (In re Jones)*, 9 F.3d 878, 879 n.2 (10th Cir. 1993). But a decision is considered final "if the purpose of the remand is to effectuate a ministerial task," to "conduct additional proceedings involving little judicial discretion," or "[i]f the remanded matter is unlikely to spawn another appeal or affect the issue on appeal" from the remand order. *Balcor Pension Investors v. Wiston XXIV Ltd. P'ship (In re Wiston XXIV Ltd. P'ship)*, 988 F.2d 1012, 1013 (10th Cir. 1993).

The Knaubs argue that the BAP's remand is for the bankruptcy to conduct a ministerial task that requires little judicial discretion, as was the case in *Rubner & Kutner, P.C. v. U.S. Trustee (In re Lederman Enterprises, Inc.)*, 997 F.2d 1321

(10th Cir. 1993), and *Williamson v. Jones (In re Montgomery)*, 224 F.3d 1193 (10th Cir. 2000). We disagree. *In re Lederman* involved a remand for the bankruptcy court to recompute a party's fees without a twenty percent reduction, 997 F.2d at 1323, and the remand in *In re Montgomery* required the bankruptcy court to make a "pro rata allocation of [Earned Income Credits] to pre- and post-petition segments of the year in question," 224 F.3d at 1194 n.1. The task before the bankruptcy court in this case is to determine an amount of damages for which it has taken no evidence. It does not involve a simple mathematical calculation, as was the case in *In re Lederman* and *In re Montgomery*. Instead, it appears that the bankruptcy court will need to conduct a de novo proceeding and make additional findings of fact in order to determine the amount of the Knaubs' damages. The Knaubs have provided nothing from which we can conclude that the result of that process "is unlikely to spawn another appeal." *In re Wiston XXIV Ltd. P'ship*, 988 F.2d at 1013. In their merits brief, they claim that it "will become clear in the argument portion of [the] brief [that] the amount of the 'out-of-pocket' damages is the same as the amount of the 'benefit of the bargain damages.'" Aplt. Opening Br. at 2. But we see nothing in the argument substantiating this contention.

For these reasons, we conclude that the BAP's decision is not final. Consequently, we lack jurisdiction, and this appeal is dismissed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

- 4 -